IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

**FILED**

SEP 1 4 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JAN L. AUSTIN                          )
5036 11th Street, N.E.                 )
Washington, D.C. 20017-2848            )
(202) 526-7222                         )

                  Plaintiff

CASE NUMBER  1:05CV01824

           v.

JUDGE: Paul L. Friedman

DECK TYPE: Employment Discrimination

JOHN E. POTTER
POSTMASTER GENERAL
UNITED STATES POSTAL SERVICE
475 L'Enfant Plaza, S.W.
Washington, D.C. 20260

DATE STAMP: 09/14/2005

                Defendant     )

SERVE:

LAW DEPARTMENT
UNITED STATES POSTAL SERVICE
475 L'Enfant Plaza, S.W.
Washington, D.C. 20260
(202) 268-2000

           and

CIVIL PROCESS CLERK
OFFICE OF THE UNITED STATES
    ATTORNEY FOR THE
    DISTRICT OF COLUMBIA
Civil Division
501 3rd Street, N.W.
Suite 4500
Washington, D.C. 20001
(202) 514-7151

           and

OFFICE OF THE ATTORNEY GENERAL
    OF THE UNITED STATES
Department of Justice
Room B-103
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001
(202) 514-2000

COMPLAINT (CIVIL RIGHTS - EMPLOYMENT)
(JURY TRIAL DEMANDED)

Plaintiff, JAN L. AUSTIN, by and through her attorney, ANTOINI M. JONES, of the law firm of GIBSON, JONES & ASSOCIATES, LLP, hereby sues the Defendant, JOHN E. POTTER, in his official capacity as POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE, for legal and equitable relief (compensatory damages and certain equitable remedies, including reinstatement as a permanent full-time Limited Duty Clerk, performing the duties of a Passport Clerk, back pay, adjustment of benefits and seniority, including annual and sick leave, adjustment of her pension and retirement, and reasonable attorneys fees) resulting from acts of invidious, illegal, and unlawful employment discrimination committed by the Defendant and/or his employees and/or agents against the Plaintiff.    In support of her complaint, Plaintiff, JAN L. AUSTIN, states as follows:

JURISDICTION AND PARTIES

1.  Subject matter jurisdiction of this Court is based upon 28 U.S.C. Section 1331 and 28 U.S.C. Section 1343, in as much as this case arises under the laws of the United States, specifically Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-5 et. seq., as amended, and Section 501 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. Section 791.  The amount in controversy exceeds One Hundred Thousand Dollars ($100,000.00), exclusive of interest and costs.

2.  Plaintiff, JAN L. AUSTIN, is a Black Female adult citizen of the United States and a citizen and resident of the District of

2

Columbia.    Plaintiff was employed by the UNITED STATES POSTAL SERVICE (USPS), since December 1996, as a Limited Duty Clerk, performing the duties of a Passport Clerk, employed at the Friendship Station Post Office, located at 4005 Wisconsin Avenue, N.W., Washington, D.C. 20016.    Prior to being placed in the position of Limited Duty Clerk, Plaintiff was a Modified Distribution/Window Clerk, performing the duties of a Distribution Clerk, Grade PS-05, at the Friendship Station Post Office. Plaintiff's transfer to the position of Limited Duty Clerk/Passport Clerk was a result of her having suffered an on-the-job back injury in December 1996.    Plaintiff's employment with the United States Postal Service was effectively terminated on October 5, 2002.

3.    Defendant, JOHN E. POTTER, is the Postmaster General and head of the UNITED STATES POSTAL SERVICE (USPS), a duly constituted quasi-governmental agency of the United States Government with its principal office located in the District of Columbia.    Defendant, JOHN E. POTTER, is being sued solely in his official capacity as Postmaster General, UNITED STATES POSTAL SERVICE (USPS).

4.    All of the facts and actions complained of herein occurred in the District of Columbia.    The Plaintiff has suffered damages as a result of actions taken by the Defendant and/or his employees and/or agents in the District of Columbia.

5.    This court has both subject matter jurisdiction and personal jurisdiction over this case and the parties to this case. Venue is proper in the District of Columbia.

3

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.    On April 19, 2003, Plaintiff, JAN L. AUSTIN, filed a timely formal complaint of invidious, illegal, and unlawful employment discrimination against the Defendant, JOHN E. POTTER, with the appropriate Equal Employment Opportunity Office of the UNITED STATES POSTAL SERVICE (hereinafter USPS), as required by applicable statutes and regulations.    This complaint, alleging discriminatory actions taken against Plaintiff based on her race (Black), sex (Female), age (over forty), and physical disability (on-the-job back injury) related to four specific discriminatory actions.

7.    The four specific discriminatory actions included:
(1) Plaintiff having been, on August 24, 2002, assigned an additional duty in the Postal Store, located in the Friendship Station, United States Postal Service, which was not in line with her medical restrictions;    (2)    Plaintiff having been told by management, on October 5, 2002, that she could not sit while assisting customers;    (3)    Plaintiff having been told by management, on October 5, 2002, that there was no longer work for her and that she had to leave the premises immediately or that the police would be called;    and (4) Plaintiff having been told by management, on October 5, 2002, not to return on October 7, 2002, to her regular assigned duties of passport processing.    The formal complaint was given Agency Case Number 4K-200-0045-03.

8.    On May 14, 2003, Plaintiff's formal complaint was accepted for investigation by the United States Postal Service.    For some

4

unknown reason, the investigation did not commence until May 25, 2004, when the investigation was assigned to an employee of a private contractor, specifically Ms. Lisa Ann Kennedy, Independent EEO Complaints Investigator, CLE & Associates, Baltimore, Maryland. The investigation was actually conducted between June 22, 2004, and January 23, 2005. On January 23, 2005, Ms. Kennedy submitted her Investigative Report to the United States Postal Service. On or about February 2, 2005, the United States Postal Service transmitted a copy of the Investigative Report to the Plaintiff, who received it shortly thereafter. Accompanying the copy of the Investigative Report was a notice to Plaintiff advising her of her right to have a hearing on her complaint of discrimination before an Administrative Law Judge of the Equal Employment Opportunity Commission or, in the alternative, to request a final decision without a hearing from the United States Postal Service on her complaint of discrimination.

9. Plaintiff, JAN L. AUSTIN, submitted a prompt and timely request to the Washington Field Office of the United States Equal Employment Opportunity Commission for a hearing to be held on her complaint before an Administrative Law Judge of the Equal Employment Opportunity Commission (EEOC). The EEOC received Plaintiff's request for a hearing on in a timely manner, and assigned the matter EEOC Case Number 100-2005-00361X. The case was assigned to Administrative Law Judge Frances del Toro. An

5

Acknowledgement and Order to that effect was issued by Administrative Law Judge del Toro on April 7, 2005.

10.  On June 23, 2005, the United States Postal Service, by and through counsel, filed a Motion for a Decision Without a Hearing. In its Motion, the United States Postal Service contended that Plaintiff could not prevail on her claims under the Rehabilitation Act of 1973 because she met neither the Rehabilitation Act's definition of an "individual with a disability" nor the Rehabilitation Act's definition of a "qualified individual with a disability". The United States Postal Service further contended that Plaintiff could not make out a prima facie case of discrimination based on her race, sex, or age.  Finally, the United States Postal Service contended that it had articulated a legitimate, non-discriminatory basis for its actions.

11.  In her several responses, as well as in her Affidavit given to EEO Investigator Lisa Ann Kennedy, Plaintiff has withdrawn her allegations of illegal discrimination based on her race, sex, or age.  Therefore, Plaintiff elected to only proceed further on her allegations of unlawful discrimination based on her physical disability and handicap (on-the-job back injury).

12.  On July 19, 2005, Equal Employment Opportunity Commission Administrative Law Judge Frances del Toro issued a summary judgment and recommended decision in favor of the Defendant and against the Plaintiff, without holding a hearing.  The summary judgment

6

consisted of a finding of no unlawful discrimination on the part of the United States Postal Service. The relevant basis of the recommended decision of Administrative Law Judge del Toro was that Plaintiff, JAN L. AUSTIN, was neither a "qualified individual with a disability" nor a "qualified individual with handicaps", as defined by Section 501 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. Section 791, and therefore could not make out a prima facie case of unlawful discrimination on the basis of handicap or disability, much less prove such a case by a preponderance of the evidence. Administrative Law Judge del Toro never reached the issues of disparate treatment nor reasonable accommodation. Administrative Law Judge del Toro further held that Plaintiff failed to produce any evidence to refute the Defendant's articulated non-discriminatory reasons for its actions.

13. This recommended decision was accepted and adopted by the United States Postal Service as the Final Action of the United States Postal Service on August 4, 2005. Plaintiff, JAN L. AUSTIN, received the Notice of Final Action of the United States Postal Service on or about August 6, 2005. Along with the Notice of Final Action, Plaintiff received notice of her right to file a civil action in an appropriate United States District Court within ninety (90) calendar days of her receipt of this decision. As a result, the instant lawsuit is timely and appropriately filed.

FACTS

14. Plaintiff, JAN L. AUSTIN, a Black Female, date of birth March 27, 1959, was employed by the UNITED STATES POSTAL SERVICE

7

(USPS), since December 1996, as a Limited Duty Clerk, performing the duties of a Passport Clerk, employed at the Friendship Station Post Office, located at 4005 Wisconsin Avenue, N.W., Washington, D.C. 20016. Prior to being placed in the position of Limited Duty Clerk, Plaintiff was a Modified Distribution/Window Clerk, performing the duties of a Distribution Clerk, Grade PS-05, at the Friendship Station Post Office.    Plaintiff's transfer to the position of Limited Duty Clerk/Passport Clerk was a result of her having suffered an on-the-job back injury in December 1996.

15.  Plaintiff's supervisor during the time period relevant to this Complaint was Elizabeth Hammond, former Manager, Customer Services, Friendship Station, Washington, D.C.

16.  In her capacity of Limited Duty Clerk/Passport Clerk, Plaintiff was not assigned to perform her regular duties as a Modified Distribution/Window Clerk.   Instead, she was assigned to processing passports and selling stamps and other products in the Postal Store at the Friendship Station.   As a Passport Clerk, Plaintiff, JAN L. AUSTIN, processed passport applications, made arrangements for large groups, collected fees, answered questions, assisted customers, assisted the Post Office Box Clerk, and processed certified mail, express mail notices, and other forms and equipment for the Finance Section.   Plaintiff, JAN L. AUSTIN, was able to perform all of the essential functions of the job of Limited Duty Clerk/Passport Clerk without accommodation.

17.  Plaintiff suffers from a disability and handicap based on her having suffered an on-the-job back injury which injury she

8

suffered in December 1996.  The specifics of the on-the-job back injury are a herniated disc (nucleus pulposus) at L5-S1 to the left, as well as discogenic lower back pain.  Both of these are permanent conditions.

18.  Plaintiff's disabling condition, an on-the-job back injury, prohibits her from standing for longer than thirty (30) minutes without a break, prohibits her from standing for a total of more than one hour per day, prohibits her from lifting anything over five (5) pounds, prohibits her from having her feet "dangling", as opposed to lying flat on the floor, requires her to use a special chair, and requires her to use a "back support".  These restrictions and requirements were reconfirmed by Plaintiff's physician in a United States Postal Service Form CA-17, dated July 10, 2002.

19.  In August 2002, United States Postal Service management, specifically Elizabeth Hammond, former Manager, Customer Services, Friendship Station, Washington, D.C., contended that Plaintiff, JAN L. AUSTIN, did not have eight (8) hours of work to perform in the Passport Office, so Plaintiff, on August 24, 2002, was given additional duties in the Postal Store.  These additional duties were in violation of her medical restrictions as documented in her United States Postal Service Form CA-17, Duty Status Report, dated July 10, 2002.  United States Postal Service management was fully aware that these additional duties were in violation of Plaintiff's medical restrictions.

9

20.   While working in the Friendship Station, prior to August 24, 2002, Plaintiff, JAN L. AUSTIN, was allowed to use a desk chair with good back support and was allowed to sit with a pillow (additional back support) to her back as accommodations in order that she could perform the essential functions of her position and remain gainfully employed without violating her medical restrictions. However, after August 24, 2002, these accommodations were no longer made, with the result that Plaintiff's back injury was aggravated and she was forced to take time off from work for medical reasons.

21.   On October 5, 2002, Elizabeth Hammond, former Manager, Customer Services, Friendship Station, Washington, D.C., told Plaintiff, JAN L. AUSTIN, that she could no longer sit while assisting customers.  This direct order was in clear violation of Plaintiff's medical restrictions with respect to standing, as documented in Plaintiff's United States Postal Service Form CA-17, Duty Status Report, dated July 10, 2002.  Specifically, this order was in clear violation of the restriction against Plaintiff being required to stand for a cumulative total of more than one hour per day.

22.   On October 5, 2002, after telling Plaintiff, JAN L. AUSTIN, that she could no longer sit while assisting customers, Elizabeth Hammond, former Manager, Customer Services, Friendship Station, Washington, D.C., told Plaintiff, JAN L. AUSTIN, that management no longer had any work for her and demanded that Plaintiff leave the Postal Service premises immediately or that the

10

police would be called.  Plaintiff, JAN L. AUSTIN, was further instructed by Ms. Hammond not to return to work on October 7, 2002, to her regularly assigned duties as Passport Clerk.

23.  On October 10, 2002, Plaintiff, JAN L. AUSTIN, was advised in a letter from Monni Preston, Injury Compensation Specialist, that she could no longer be accommodated in an assignment by the United States Postal Service because her restrictions were "too severe", based on the July 10, 2002, United States Postal Service Form CA-17, Duty Status Report.  The United States Postal Service took this position despite the fact that Plaintiff, JAN L. AUSTIN, was, and still is today, able to perform all of the essential functions of her position as a Limited Duty Clerk (Passport Clerk), with either no accommodation or with relatively minimal accommodation.

24.  Plaintiff, JAN L. AUSTIN, alleges and believes that the actions of the Defendant and/or his employees and/or his agents, specifically Elizabeth Hammond, former Manager, Customer Services, Friendship Station, Washington, D.C., and Monni Preston, Injury Compensation Specialist, were acts of disparate treatment on the basis of Plaintiff's physical disability and handicap (on-the-job back injury), and that these actions amount to invidious, unlawful, and illegal discrimination in employment against the Plaintiff on the basis of this factor.

25.  Plaintiff, JAN L. AUSTIN, alleges and believes that the reasons articulated and alleged by the United States Postal Service for its decision to require Plaintiff to leave the work premises

11

and not return were in fact a pretext and a smokescreen for acts of invidious, unlawful, and illegal discrimination in employment against the Plaintiff on the basis of her physical disability and handicap (on-the-job back injury).

26.  Plaintiff, JAN L. AUSTIN, alleges and believes that the actions of the Defendant and/or his employees and/or his agents, specifically Elizabeth Hammond, former Manager, Customer Services, Friendship Station, Washington, D.C., and Monni Preston, Injury Compensation Specialist, were in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-5 et. seq., as amended, and Section 501 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. Section 791.

CAUSE OF ACTION
(CIVIL RIGHTS - EMPLOYMENT DISCRIMINATION)

27.  Plaintiff, JAN L. AUSTIN, repeats and realleges the facts and allegations set forth in paragraphs one through twenty-six of this Complaint as if they were fully set forth herein.

28.  Plaintiff, JAN L. AUSTIN, sues Defendant, JOHN E. POTTER, in his official capacity as Postmaster General, United States Postal Service, for legal and equitable relief (compensatory damages and certain equitable remedies) resulting from acts of invidious, unlawful, and illegal employment discrimination committed by the Defendant and/or his employees and/or his agents, specifically Elizabeth Hammond, former Manager, Customer Services, Friendship Station, Washington, D.C., and Monni Preston, Injury Compensation Specialist, against Plaintiff, JAN L. AUSTIN.

12

29.   Plaintiff, JAN L. AUSTIN, alleges and believes that the actions of the Defendant and/or his employees and/or his agents, specifically Elizabeth Hammond, former Manager, Customer Services, Friendship Station, Washington, D.C., and Monni Preston, Injury Compensation Specialist, were acts of disparate treatment on the basis of Plaintiff's physical disability and handicap (on-the-job back injury), and that these actions amount to invidious, unlawful, and illegal discrimination in employment against the Plaintiff on the basis of this factor.

30.   Plaintiff, JAN L. AUSTIN, alleges and believes that the reasons articulated and alleged by the United States Postal Service for its decision to require Plaintiff to leave the work premises and not return were in fact a pretext and a smokescreen for acts of invidious, unlawful, and illegal discrimination in employment against the Plaintiff on the basis of her physical disability and handicap (on-the-job back injury).

31.  Plaintiff, JAN L. AUSTIN, is a "qualified individual with handicaps", as defined by Section 501 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. Section 791.  As such, she is entitled to the protections afforded by the Rehabilitation Act of 1973 and its implementing regulations.  Plaintiff, JAN L. AUSTIN, suffers and was suffering from a physical impairment, an on-the-job back injury, a physiological disorder affecting her musculoskeletal system which substantially limited one or more of her major life activities (standing, sitting, lifting, and working). Additionally, she had had a previous historical record of such a

13

physical impairment, dating back to 1996, having been classified by the United States Postal Service itself as having medical restrictions. Furthermore, she was clearly regarded by the United States Postal Service as having such an impairment, by virtue of her having been classified by the United States Postal Service as having medical restrictions, and by virtue of the fact that she was thereafter treated by the United States Postal Service as a limited duty employee, having physical impairments which prevented her from performing the full duties of a Distribution/Window Clerk.

32. Plaintiff, JAN L. AUSTIN, was treated in a disparate manner by the United States Postal Service than individuals not within her protected group ("qualified individuals with handicaps"), and was treated less favorably than individuals not within her protected group.

33. Plaintiff, JAN L. AUSTIN, was unlawfully discriminated against in violation of the Rehabilitation Act of 1973 in as much as the United States Postal Service failed to make a needed reasonable accommodation to the Plaintiff's handicap or disability. Such a reasonable and necessary accommodation would not have created an undue hardship on the operation or the mission of the United States Postal Service.

34. Plaintiff, JAN L. AUSTIN, is also an "individual with handicaps". She: 1) has a physical impairment which substantially limits one or more of such person's major life activities 2) has a record of such impairment and 3) has been

14

regarded by the United States Postal Service as having such an impairment. A "physical impairment" is defined, in pertinent part, as: "Any physiological disorder or condition .... affecting one or more of the following body systems: Neurological, musculoskeletal .....". The term "major life activities" refers to such functions as, in pertinent part, performing manual tasks, walking, and working. The term "has a record of such impairment" means that the individual has a history of, or has been classified, as having a physical impairment which substantially limits one or more of such person's "major life activities". The term "regarded as having such an impairment" means "having a physical impairment that does not substantially limit major life activities but is treated by an employer as constituting such a limitation;  has a physical impairment that substantially limits major life activities only as a result of the attitude of an employer towards such impairment; or has none of the impairments ... but is treated by an employer as having such an impairment".

35.  Plaintiff, JAN L. AUSTIN, is a "qualified individual with handicaps" since she is an individual with disabilities who, with reasonable accommodations, can perform the essential functions of her position without endangering the health and safety of herself or others.    Indeed, even with her then existent medical restrictions, Plaintiff, JAN L. AUSTIN, could in fact and did in fact perform all of the essential functions of her position as a Passport Clerk.  She also could perform virtually all of the

15

essential functions of a Distribution/Window Clerk, with reasonable accommodation to her temporal restrictions with respect to standing and sitting. Plaintiff, JAN L. AUSTIN, is a "qualified individual with handicaps" in as much that her physical disability and handicap limits one or more of life's major activities (e.g. standing, sitting) and that her condition does not prevent her from performing the essential functions of her position, with reasonable accommodation.

36. Plaintiff, JAN L. AUSTIN, alleges and believes that the actions of the Defendant and/or his employees and/or his agents, specifically Elizabeth Hammond, former Manager, Customer Services, Friendship Station, Washington, D.C., and Monni Preston, Injury Compensation Specialist, are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-5 et. seq., as amended, and Section 501 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. Section 791.

37. As a direct and proximate result of the illegal and unlawful actions of the Defendant and/or his employees and/or agents, specifically Elizabeth Hammond, former Manager, Customer Services, Friendship Station, Washington, D.C., and Monni Preston, Injury Compensation Specialist, Plaintiff, JAN L. AUSTIN, has suffered the loss of her position as a permanent full-time Limited Duty Clerk, performing the duties of a Passport Clerk, loss of her salary from October 5, 2002, to the present, loss of benefits and seniority from October 5, 2002, to the present, including, but not

16

limited to, loss of retirement and pension benefits, and loss of annual leave and sick leave. Plaintiff has also suffered significant physical and psychological damages as a result of the unlawful and illegal discriminatory actions of the Defendant and/or his employees and/or agents, specifically Elizabeth Hammond, former Manager, Customer Services, Friendship Station, Washington, D.C., and Monni Preston, Injury Compensation Specialist, for which she is entitled to compensatory damages. Plaintiff has also been forced to expend certain sums of money for attorneys fees.

REQUESTED RELIEF

WHEREFORE, Plaintiff, JAN L. AUSTIN, demands judgment against the Defendant, JOHN E. POTTER, in his official capacity as POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE (USPS), with a finding that the Defendant and/or his employees and/or his agents, specifically Elizabeth Hammond, former Manager, Customer Services, Friendship Station, Washington, D.C., and Monni Preston, Injury Compensation Specialist, have engaged in invidious, unlawful, and illegal employment discrimination against the Plaintiff, reinstatement to her position as a permanent full-time Limited Duty Clerk, performing the duties of a Passport Clerk, employed at the Friendship Station Post Office, full back pay from October 5, 2002, to the effective date of her reinstatement, adjustment of her benefits and seniority including, but not limited to, the amount of her eventual retirement pension to reflect the reinstatement and back pay, annual leave, and sick leave, compensatory damages in the amount of One Hundred Thousand Dollars ($100,000), post-judgment

17

interest, costs of suit, reasonable attorneys fees, and such other

legal and equitable relief as the Court may deem proper.


ANTOINI M. JONES   #428159
Attorney for Plaintiff
Gibson, Jones & Associates, LLP
6811 Kenilworth Avenue
Suite 210
Riverdale, Maryland 20737
(301) 209-0453


JURY DEMAND

Plaintiff hereby demands a trial by jury of this matter.


ANTOINI M. JONES   #428159
Attorney for Plaintiff
Gibson, Jones & Associates, LLP
6811 Kenilworth Avenue
Suite 210
Riverdale, Maryland 20737
(301) 209-0453

18