IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAN L. AUSTIN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No: 05-1824 (PLF) |
| | ) |
| JOHN E. POTTER, POSTMASTER | ) |
| GENERAL, UNITED STATES POSTAL | ) |
| SERVICE | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S ANSWER TO COMPLAINT

Defendant, John E. Potter, Postmaster General, United States Postal Service, by and through his undersigned attorneys, hereby answers plaintiff's Complaint as follows:

### FIRST DEFENSE

The Court lacks subject matter jurisdiction over plaintiff's claim.

### SECOND DEFENSE

The Complaint fails to state a claim upon which can be granted.

### THIRD DEFENSE

The Complaint fails to allege an adverse employment action.

### FOURTH DEFENSE

Defendant responds to the paragraphs of the complaint as follows:

**COMPLAINT (CIVIL RIGHTS EMPLOYMENT)**
**JURY TRIAL DEMANDED**

This unnumbered paragraph contains a characterization of this civil action to which no response is required.

**JURISDICTION AND PARTIES**

1. Paragraph 1 of the complaint consists of allegations of jurisdiction which require no answer. To the extent than an answer is deemed required, Defendant denies the allegations in paragraph 1 of the complaint.

2. Defendant admits that the Plaintiff was employed by the United States Postal Service in December 1996 in a limited duty assignment. Except as specifically admitted, Defendant denies the allegations in paragraph 2 of the complaint.

3. Admitted.

4 - 5. Paragraphs 4 and 5 of the complaint consist of allegations of venue and jurisdiction which require no answers.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

6. Defendant admits that the Plaintiff filed a formal complaint on April 19, 2003. Except as specifically admitted, Defendant denies the allegations in Paragraph 6 of the complaint.

7. Denied.

8. Defendant admits that the Plaintiff's formal complaint was accepted for investigation by the United States Postal Service on May 14, 2003. Defendant admits that on February 2, 2005, the United States Postal Service transmitted a copy of the Investigative Report to the Plaintiff advising her of her right to have a hearing or to request a final decision without a hearing. Except

as specifically admitted, Defendant denies the allegations in Paragraph 8.

9.      Defendant admits that the Plaintiff requested a hearing before the Equal Employment Opportunity Commission, Washington Field Office. Defendant admits that Administrative Judge Frances del Toro issued an Acknowledgment and Order on April 7, 2005. Except as specifically admitted, Defendant denies the allegations in Paragraph 9.

10.     Admitted.

11.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the complaint.

12.     Defendant admits that the Administrative Judge issued an Order Entering Judgment based on the Agency's summary judgment on July 19, 2005. Except as specifically admitted, Defendant denies the allegations in paragraph 12 of the complaint.

13.     Defendant admits that the United States Postal Service adopted the Administrative Judge's decision and issued a Notice of Final Action and right to file a civil action in United States District Court on August 4, 2005. Except as specifically admitted, Defendant denies the allegations in paragraph 12 of the complaint.

## FACTS

14.     Defendant admits that the Plaintiff is a black female, born March 27, 1959 and that she was employed by the U.S. Postal Service. Defendant admits that since December 1996 Plaintiff was performing some duties of Passport Clerk. Except as specifically admitted, Defendant denies the allegations in paragraph 14 of the complaint.

15.     Admitted.

16.     Defendant admits that the Plaintiff was assigned to perform various assignments in a Limited Duty assignment. Except as specifically admitted, Defendant denies the allegations in paragraph 16 of the complaint.

17- 26. Denied

## CAUSE OF ACTION
## (CIVIL RIGHTS - EMPLOYMENT DISCRIMINATION)

27.     Paragraph 27 of the complaint is a re-allegation of paragraphs 1 through 26. In answer to the allegations, Defendant incorporates herein its above-stated answers to paragraph 1 through 26 of the complaint.

28.     Paragraph 28 of the complaint consists of a request for relief which requires no answer. To the extent that an answer is deemed required, Defendant denies that Plaintiff is entitled to the requested relief, or to any relief whatsoever.

29 - 37. Denied.

## REQUESTED RELIEF

This paragraph contain plaintiff's prayer for relief to which no answer is required. To the extent a response is required, defendant denies plaintiff is entitled to any relief whatsoever, and avers that any award of compensatory damages would be subject to and limited by 42 U.S.C. § 1981a.

## JURY DEMAND

This paragraph contains plaintiff's request for a jury trial and no answer is required.

Defendant specifically denies each and every allegation of the complaint not herein before otherwise answered.

Having fully answered, Defendant respectfully requests that this action be dismissed with prejudice and that defendant be granted its costs and other such relief as this Court deems appropriate.

                                      Respectfully submitted,

                                      _____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney

_____
WYNEVA JOHNSON, D.C. Bar #278515
Assistant United States Attorney
555 4th Street, N.W., Civil Division
Washington, D.C. 20530
(202) 514-7224

OF COUNSEL:
Ayoka Campbell
Attorney
United States Postal Service