IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAN L. AUSTIN )<br><br>   Plaintiff, )<br><br>v. )<br><br>JOHN E. POTTER, POSTMASTER )<br>GENERAL, UNITED STATES POSTAL )<br>SERVICE )<br><br>   Defendant. ) | Civil Action No: 05-1824 (PLF) |

**JOINT LOCAL CIV. R. 16.3 STATEMENT**

The parties hereby jointly submit this meet and confer report pursuant to LCvR 16.3.

1. The Plaintiff contends that she was discriminated against and wishes to receive back pay and all lost promotional and employment benefits. Defendant denies that plaintiff was subjected to discrimination based on race and disability (on the job back injury). Defendant further submits that plaintiff is not a qualified individual with a disability, that even if plaintiff is qualified with a disability, that defendant made a good faith effort to accommodate plaintiff, that defendant had a legitimate business reason for its actions and that plaintiff has suffered no adverse personnel action.

2. The parties recommend management of this case as set forth herein. The parties believe that this case can be decided by dispositive motion.

3. The parties do not anticipate joining any parties.

4. The parties do not agree to the assignment of this case to a Magistrate Judge except for settlement discussions.

5. Plaintiff is open to settlement discussions. Defendant cannot determine the possibility of settlement at this time.

6. Plaintiff believes the case can benefit from ADR.

   i) The plaintiff hopes that she can be made whole again by receiving back pay and the promotions that she deserves.

   ii) Settlement talks have not occurred.

   iii) ADR will be most beneficial after discovery.

   iv) Plaintiff believes that the parties may benefit from a neutral evaluation of the case.

Defendant believes that it would be premature to send the case to alternative dispute resolution at this time.

7. The parties believe that plaintiff's claims can be resolved by a dispositive motion.

8. The parties submit that the deadline for dispositive motions should be 45 days after the close of discovery, with oppositions due 21 days after service of the dispositive motion and reply briefs due 11 days after service of opposition.

9. The parties stipulate that initial disclosures will be waived.

10. The parties agree that discovery should close 120 days after the date of the scheduling conference, with the presumptive limits of the local rules imposed upon the number of depositions and interrogatories.

11. The parties agree that plaintiff's Rule 26(a)(2) report be served 60 days before the close of discovery with defendant's report to be served 30 days thereafter. All expert depositions will be taken within the discovery period.

12. The provision for class actions is inapplicable in this case.

13. There is no need for bifurcation.

14. The parties agree that the Court should not set the date for the pretrial conference at this time.

15. The parties agree that the Court should not schedule a firm trial date at the scheduling conference.

Respectfully submitted,

_____        _____
Antoini Martin Jones, Esquire                     KENNETH L. WAINSTEIN, D.C. Bar #451058
LAW OFFICE OF GIBSON,                        United States Attorney
JONES & ASSOCIATES
The Calvert Building                                _____
6811 Kenilworth Avenue                          R.CRAIG LAWRENCE, D.C. Bar #171538
Suite 210                                                Assistant United States Attorney
Riverdale, MD 20737-1333

_____
WYNEVA JOHNSON, D.C. Bar #278515
Assistant United States Attorney
501 3rd Street, 4th Floor
Washington, D.C. 20530
(202) 514-7224