IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAN L. AUSTIN<br><br>     Plaintiff,<br><br>v.<br><br>JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE<br><br>     Defendant. | Civil Action No: 05-1824 (PLF) |

## DECLARATION OF JUANITA MACK

I, Juanita Mack, declare the following to be true and correct. I am aware that this declaration will be submitted in connection with the proceeding captioned above and that it is a statement under oath:

1. I am an African American, female, age **(D.O.B.: )**. I am not disabled.

2. I am employed by the Postal Service as Acting Supervisor Customer Services (204B), at the Friendship Station in Washington, D.C.

3. As Acting Supervisor, Customer Services (204B), I was responsible for .

4. I supervised Jan L. Austin in her position as Limited Duty Clerk at the Friendship Station in Washington, D.C., beginning in approximately ( **insert date** ) 2002. At that time, Ms. Austin was assigned to perform duties including processing passports, assisting the Post Office Box Clerk, processing certified mail, express mail notices and other forms and equipment for the Finance Section. See Exh. 1 (Limited Duty Offer); Exh 2 (Plaintiff's Form 50).

5. According to the CA-17 or duty status report[1] dated July 10, 2002, submitted by the Plaintiff, her physical restrictions prevented her from: "stand[ing] for longer than 30 minutes without a break," "lifting anything over five (5) pounds," and stated that she needed "a back support." See Exh. 6 (Plaintiff's CA-17 dated July 10, 2002); Exh. 5 (Excerpts from Injury Compensation Handbook, EL-505).

6. In August 2002, Ms. Hammond noted that the Plaintiff did not have eight (8) hours of work and asked the Plaintiff to sell stamps and other products in the Postal Store as this duty was in line with the Plaintiff's restrictions listed in the CA-17 form dated July 10, 2002.

7. The duties in the Postal Store required the Plaintiff to stand while assisting customers, but nor more than 30 minutes at a time. The Plaintiff was allowed to sit in a chair during the times when she was not waiting on customers.

8. Ms. Austin's restrictions stated that she was able to stand for 30 minutes at a time. During the time period between August and October 2002 when I supervised Ms. Austin, I never saw her standing more than thirty minutes to wait on customers at the Postal Store. She was able to sit down in between her waiting on customers. Therefore, the assignment was within her restrictions listed in her CA-17 dated July 10, 2002 on file at the time. The additional duties had no affect on Ms. Austin's pay or benefits. See Exh. 6 (Plaintiff's CA-17 dated July 10, 2002).

9. The statements made herein are based upon my personal knowledge, upon information made available to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

---

[1] A CA-17 is the Department of Labor's OWCP duty status report form provided for the purpose of keeping the Agency's Injury Compensation Office and the OWCP office informed of the injured or ill employee's ability to return to full duty. Side A is completed by the immediate supervisor concerning the

Plaintiff's duties. Side B is completed by the attending physician and includes a brief description of the injury or illness and part(s) of the body affected.

3

The statements made herein are based upon my personal knowledge, upon information made available to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing declaration is true and correct. Executed in Washington, D.C. on March 15TH, 2006.

*Juanita Mack*
JUANITA MACK