IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JAN L. AUSTIN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No: 05-1824 (PLF) |
| | ) | |
| JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE | ) | |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF ELIZABETH HAMMOND

I, Elizabeth Hammond, declare the following to be true and correct This declaration is being submitted in connection with the Civil Action No. 1824 (PLF):

1.  I am a White female, age (D.O.B.: 11/12/54). I am not disabled.

2.  I was employed by the Postal Service as Acting Manager, Customer Services, at the Friendship Station in Washington, D.C. I began in this position in April 2002. I am currently Postmaster at the Mocksville Post Office in Mocksville, North Carolina.

3.  As Acting Manager, Customer Services, I was responsible for overseeing Zone 16, which was Zipcode 20006. I was in charge of all supervisors and employees at the station. I supervised them in regards to time and attendance, safety guidelines, and worked with the Injury Compensation Office in placing injured employees into limited duty or modified positions.

4.  I supervised Jan L. Austin in her position as Limited Duty Clerk at the Friendship Station in Washington, D.C. beginning in approximately April 2002. At that time, Ms. Austin was not assigned to perform her regular duties as Sales Service Associate/Distribution Clerk, but assigned to perform duties including processing passports, assisting the Post Office Box Clerk,

processing certified mail, express mail notices and other forms and equipment for the Finance Section due to her work restrictions. See Exh. 1 (Limited Duty Offer); Exh 2 (Plaintiff's Form 50).

5.  According to the CA-17 or duty status report[1] dated July 10, 2002, submitted by the Plaintiff, her physical restrictions prevented her from: "stand[ing] for longer than 30 minutes without a break," "lifting anything over five (5) pounds," and stated that she needed "a back support." See Exh. 6 (Plaintiff's CA-17 dated July 10, 2002); Exh. 5 (Excerpts from Injury Compensation Handbook, EL-505).

6.  In August 2002, I noted that the Plaintiff did not have eight (8) hours of work and asked the Plaintiff to sell stamps and other products in the Postal Store as this duty was in line with the Plaintiff's restrictions listed in the CA-17 form dated July 10, 2002.

7.  The duties in the Postal Store required the Plaintiff to stand while assisting customers, but nor more than 30 minutes at a time. The Plaintiff was allowed to sit in a chair during the times when she was not waiting on customers.

8.  In October 2002, Ms. Austin refused to perform the Postal Store duties, such as standing to assist on customers. I explained that she could not be paid to do nothing. When the Plaintiff refused to do this, I informed Ms. Austin to submit updated restrictions if her restrictions had changed.

9.  In October 2002, I also called in Monni Preston, Injury Compensation Specialist, to meet with Ms. Austin to discuss the work restrictions on file at the time listed in the CA-17

---

[1] A CA-17 is the Department of Labor's OWCP duty status report form provided for the purpose of keeping the Agency's Injury Compensation Office and the OWCP office informed of the injured or ill employee's ability to return to full duty. Side A is completed by the immediate supervisor concerning the Plaintiff's duties. Side B is completed by the attending physician and includes a brief description of the injury or illness and part(s) of the body affected.

dated July 10, 2002. I wanted to make sure that Ms. Austin was working safely and that the Agency was not violating her restrictions.

      10.     During this meeting in October 2002, Ms. Preston reviewed Plaintiff's current CA-17 dated July 10, 2002, and spoke with both Ms. Austin and me regarding the work restrictions and the duties in the Postal Store. Based on this information, Ms. Preston determined that Ms. Austin's duties were within her medical restrictions as stated in the CA-17 dated July 10, 2002, and that Ms. Austin had been offered "suitable work" as required by the Federal Employment Compensation Act (FECA). See Exh. 5 (Form CA-17 dated July 10, 2002).

      11.     After this meeting, Ms. Austin still refused to perform the duties within her medical restrictions on or about October 5, 2002. Ms. Austin stated to Ms. Preston and I that she was not going to do any of the work she was assigned but was just going to sit." According to Agency regulations, "[e]mployees are expected to discharge their assigned duties conscientiously and effectively." Exh. 7 (Employee and Labor Relations Manual (ELM), Chapter 6, Section 666.1). Therefore, the Plaintiff was sent home when she refused to do any work on October 5, 2002.

      12.     I transferred to the Lamont Riggs Station in Washington, D.C. in December 2002, and no longer supervised Ms. Austin.

      13.     The statements made herein are based upon my personal knowledge, upon information made available to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

The statements made herein are based upon my personal knowledge, upon information made available to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing declaration is true and correct. Executed in Washington, D.C. on March 14, 2006.

ELIZABETH HAMMOND