# EXHIBIT 3

```
[Code of Federal Regulations]
[Title 20, Volume 1]
[Revised as of April 1, 2002]
From the U.S. Government Printing Office via GPO Access
[CITE: 20CFR10.505]

[Page 42]
```

TITLE 20--EMPLOYEES' BENEFITS

CHAPTER I--OFFICE OF WORKERS' COMPENSATION PROGRAMS, DEPARTMENT OF LABOR

PART 10--CLAIMS FOR COMPENSATION UNDER THE FEDERAL EMPLOYEES' COMPENSATION ACT, AS A

Subpart F--Continuing Benefits

Sec. 10.505  What actions must the employer take?

Upon authorizing medical care, the employer should advise the employee in writing as soon as possible of his or her obligation to return to work under Sec. 10.210 and as defined in this subpart. The term ``return to work'' as used in this subpart is not limited to returning to work at the employee's normal worksite or usual position, but may include returning to work at other locations and in other positions. In general, the employer should make all reasonable efforts to place the employee in his or her former or an equivalent position, in accordance with 5 U.S.C. 8151(b)(2), if the employee has fully recovered after one year. The Office of Personnel Management (not OWCP) administers this provision.

(a) Where the employer has specific alternative positions available for partially disabled employees, the employer should advise the employee in writing of the specific duties and physical requirements of those positions.

(b) Where the employer has no specific alternative positions available for an employee who can perform restricted or limited duties, the employer should advise the employee of any accommodations the agency can make to accommodate the employee's limitations due to the injury.

[Code of Federal Regulations]
[Title 20, Volume 1]
[Revised as of April 1, 2003]
From the U.S. Government Printing Office via GPO Access
[CITE: 20CFR10.515]

[Page 43]

TITLE 20--EMPLOYEES' BENEFITS

CHAPTER I--OFFICE OF WORKERS'COMPENSATION PROGRAMS,DEPARTMENT OF LABOR

PART 10--CLAIMS FOR COMPENSATION UNDER THE FEDERAL EMPLOYEES' COMPENSATION ACT, AS A

Subpart F--Continuing Benefits

Sec. 10.515  What actions must the employee take with respect to returning to work?

   (a) If an employee can resume regular Federal employment, he or she must do so. No further compensation for wage loss is payable once the employee has recovered from the work-related injury to the extent that he or she can perform the duties of the position held at the time of injury, or earn equivalent wages.
   (b) If an employee cannot return to the job held at the time of injury due to partial disability from the effects of the work-related injury, but has recovered enough to perform some type of work, he or she must seek work. In the alternative, the employee must accept suitable work offered to him or her. (See Sec. 10.500 for a definition of ``suitable work''.) This work may be with the original employer or through job placement efforts made by or on behalf of OWCP.
   (c) If the employer has advised an employee in writing that specific alternative positions exist within the agency, the employee shall provide the description and physical requirements of such alternate positions to the attending physician and ask whether and when he or she will be able to perform such duties.
   (d) If the employer has advised an employee that it is willing to accommodate his or her work limitations, the employee shall so advise the attending physician and ask him or her to specify the limitations imposed by the injury. The employee is responsible for advising the employer immediately of these limitations.
   (e) From time to time, OWCP may require the employee to report his or her efforts to obtain suitable employment, whether with the Federal Government, State and local Governments, or in the private sector.

[[Page 44]]

```
[Code of Federal Regulations]
[Title 20, Volume 1]
[Revised as of April 1, 2005]
From the U.S. Government Printing Office via GPO Access
[CITE: 20CFR10.1]
```

[Page 12]

TITLE 20--EMPLOYEES' BENEFITS

CHAPTER I--OFFICE OF WORKERS' COMPENSATION PROGRAMS, DEPARTMENT OF LABOR

PART 10_CLAIMS FOR COMPENSATION UNDER THE FEDERAL EMPLOYEES' COMPENSATION ACT, AS AMENDED--Table of Contents

Subpart A_General Provisions

Sec. 10.1  What rules govern the administration of the FECA and this chapter?

In accordance with 5 U.S.C. 8145 and Secretary's Order 5-96, the responsibility for administering the FECA, except for 5 U.S.C. 8149 as it pertains to the Employees' Compensation Appeals Board, has been delegated to the Assistant Secretary for Employment Standards. The Assistant Secretary, in turn, has delegated the authority and responsibility for administering the FECA to the Director of the Office of Workers' Compensation Programs (OWCP). Except as otherwise provided by law, the Director, OWCP and his or her designees have the exclusive authority to administer, interpret and enforce the provisions of the Act.

# EXHIBIT 3

Supplement



# Code of Federal Regulations

**5**
Parts 1 to 699
Revised as of January 1, 2005

**Administrative Personnel**

without loss of pay, seniority, or other rights or benefits to which the employee would have been entitled had he or she not been transferred or detailed. An employee in the Senior Executive Service will be reemployed or returned at not less than the rate at which paid immediately before the transfer or detail. An employee who is reemployed is not eligible for grade or pay retention under part 536 of this chapter based on a grade or rate of pay attained while employed by the Commission.

(c) *Position to which entitled.* (1) If the function with which the employee's former position was identified has been transferred, the employee's right is to a position in the gaining agency or activity.

(2) An employee whose right is to a position in the Senior Executive Service may be reemployed in or returned to any Senior Executive Service position in the former agency for which qualified.

(3) All other employees are entitled to be reemployed in or returned to a position at the same grade or level and in the same competitive area as the position last held in the former agency. If the reemployment would cause the separation or demotion of another employee, the applicant should be considered an employee for the purpose of applying the reduction-in-force regulations to determine to what, if any, position the employee is entitled. If the employee is not placed at the former grade or level, the agency must extend consideration beyond the competitive area. Responsibility for reemployment is agencywide.

(4) Reemployment may be at a higher grade than that to which the employee is entitled if all appropriate standards and requirements are satisfied and if this will not cause the displacement of another employee.

(5) The reemployment obligation may be satisfied by placement in any position within the agency that is acceptable to the employee.

(d) *Agency refusal to reemploy.* An agency may refuse to reemploy under this section only when the employee was separated from the Commission for serious cause showing unsuitability for reemployment.

§ 352.909　Appeals.

(a) If an agency denies reemployment to an applicant who claims reemployment rights under this subpart, the agency must notify the applicant in writing of that denial and its reasons. In the same notice, the agency will inform the applicant of the right to appeal to the Merit Systems Protection Board under the provisions of the Board's regulations. The agency must comply with the provisions of § 1201.21 of this title.

(b)(1) When an agency has reemployed or returned an employee, it will advise the employee of the right of appeal if he or she considers the reemployment or return not to be in accordance with the Act and this subpart.

(2) An employee in a bargaining unit covered by a negotiated grievance procedure that does not exclude this matter must use the negotiated grievance procedure.

(3) An employee to whom paragraph (b)(2) of this section does not apply is entitled to appeal to the Merit Systems Protection Board under the provisions of the Board's regulations. The agency must comply with the provisions of § 1201.21 of this title.

## PART 353—RESTORATION TO DUTY FROM UNIFORMED SERVICE OR COMPENSABLE INJURY

### Subpart A—General Provisions

Sec.
353.101　Scope.
353.102　Definitions.
353.103　Persons covered.
353.104　Notification of rights and obligations.
353.105　Maintenance of records.
353.106　Personnel actions during employee's absence.
353.107　Service credit upon reemployment.
353.108　Effect of performance and conduct on restoration rights.
353.109　Transfer of function to another agency.
353.110　OPM placement assistance.

### Subpart B—Uniformed Service

353.201　Introduction.
353.202　Discrimination and acts of reprisal prohibited.
353.203　Length of service.
353.204　Notice to employer.

### § 352.909 Appeals.

(a) If an agency denies reemployment to an applicant who claims reemployment rights under this subpart, the agency must notify the applicant in writing of that denial and its reasons. In the same notice, the agency will inform the applicant of the right to appeal to the Merit Systems Protection Board under the provisions of the Board's regulations. The agency must comply with the provisions of § 1201.21 of this title.

(b)(1) When an agency has reemployed or returned an employee, it will advise the employee of the right of appeal if he or she considers the reemployment or return not to be in accordance with the Act and this subpart.

(2) An employee in a bargaining unit covered by a negotiated grievance procedure that does not exclude this matter must use the negotiated grievance procedure.

(3) An employee to whom paragraph (b)(2) of this section does not apply is entitled to appeal to the Merit Systems Protection Board under the provisions of the Board's regulations. The agency must comply with the provisions of § 1201.21 of this title.

## PART 353—RESTORATION TO DUTY FROM UNIFORMED SERVICE OR COMPENSABLE INJURY

### Subpart A—General Provisions

Sec.
353.101  Scope.
353.102  Definitions.
353.103  Persons covered.
353.104  Notification of rights and obligations.
353.105  Maintenance of records.
353.106  Personnel actions during employee's absence.
353.107  Service credit upon reemployment.
353.108  Effect of performance and conduct on restoration rights.
353.109  Transfer of function to another agency.
353.110  OPM placement assistance.

### Subpart B—Uniformed Service

353.201  Introduction.
353.202  Discrimination and acts of reprisal prohibited.
353.203  Length of service.
353.204  Notice to employer.
353.205  Return to duty and application for reemployment.
353.206  Documentation upon return.
353.207  Position to which restored.
353.208  Use of paid leave during uniformed service.
353.209  Retention protections.
353.210  Department of Labor assistance to applicants and employees.
353.211  Appeal rights.

### Subpart C—Compensable Injury

353.301  Restoration rights.
353.302  Retention protections.
353.303  Restoration rights of TAPER employees.
353.304  Appeals to the Merit Systems Protection Board.

AUTHORITY: 38 U.S.C. 4301 et. seq., and 5 U.S.C. 8151.

SOURCE: 60 FR 45652, Sept. 1, 1995, unless otherwise noted.

### Subpart A—General Provisions

### § 353.101 Scope.

The rights and obligations of employees and agencies in connection with leaves of absence or restoration to duty following uniformed service under 38 U.S.C. 4301 et. seq., and restoration under 5 U.S.C. 8151 for employees who sustain compensable injuries, are subject to the provisions of this part. Subpart A covers those provisions that are common to both of the above groups of employees. Subpart B deals with provisions that apply just to uniformed service and subpart C covers provisions that pertain just to injured employees.

### § 353.102 Definitions.

In this part:

*Agency* means.

(1) With respect to restoration following a compensable injury, any department, independent establishment, agency, or corporation in the executive branch, including the U.S. Postal Service and the Postal Rate Commission, and any agency in the legislative or judicial branch; and

(2) With respect to uniformed service, an executive agency as defined in 5 U.S.C. 105 (other than an intelligence agency referred to in 5 U.S.C. 2302(a)(2)(C)(ii), including the U.S. Postal Service and Postal Rate Commission, a nonappropriated fund instrumentality of the United States, or

Office of Personnel Management § 353.102

a military department as defined in 5 U.S.C. 102. In the case of a National Guard technician employed under 32 U.S.C. 709, the employing agency is the adjutant general of the State in which the technician is employed.

*Fully recovered* means compensation payments have been terminated on the basis that the employee is able to perform all the duties of the position he or she left or an equivalent one.

*Injury* means a compensable injury sustained under the provisions of 5 U.S.C. chapter 81, subchapter 1, and includes, in addition to accidental injury, a disease proximately caused by the employment.

*Leave of absence* means military leave, annual leave, without pay (LWOP), furlough, continuation of pay, or any combination of these.

*Military leave* means paid leave provided to Reservists and members of the National Guard under 5 U.S.C. 6323.

*Notice* means any written or verbal notification of an obligation or intention to perform service in the uniformed services provided to an agency by the employee performing the service or by the uniformed service in which the service is to be performed.

*Partially recovered* means an injured employee, though not ready to resume the full range of his or her regular duties, has recovered sufficiently to return to part-time or light duty or to another position with less demanding physical requirements. Ordinarily, it is expected that a partially recovered employee will fully recover eventually.

*Physically disqualified* means that:

(1)(i) For medical reasons the employee is unable to perform the duties of the position formerly held or an equivalent one, or

(ii) There is a medical reason to restrict the individual from some or all essential duties because of possible incapacitation (for example, a seizure) or because of risk of health impairment (such as further exposure to a toxic substance for an individual who has already shown the effects of such exposure).

(2) The condition is considered permanent with little likelihood for improvement or recovery.

*Reasonable efforts* in the case of actions required by an agency for a person returning from uniformed service means actions, including training, that do not place an undue hardship on the agency.

*Service in the uniformed services* means the performance of duty on a voluntary or involuntary basis in a uniformed service under competent authority and includes active duty, active duty for training, initial active duty for training, inactive duty training, full-time National Guard duty, and a period for which a person is absent from employment for the purpose of examination to determine fitness to perform such duty.

*Status* means the particular attributes of a specific position. This includes the rank or responsibility of the position, its duties, working conditions, pay, tenure, and seniority.

*Undue hardship* means actions taken by an agency requiring significant difficulty or expense, when considered in light of—

(1) The nature and cost of actions needed under this part;

(2) The overall financial resources of the facility involved in taking the action; the number of persons employed at the facility; the effect on expenses and resources, or the impact otherwise of the action on the operation of the facility; and

(3) The overall size of the agency with respect to the number of employees, the number, type, and location of its facilities and type of operations, including composition, structure, and functions of the work force.

*Uniformed services* means the Armed Forces, the Army National Guard and the Air National Guard when engaged in active duty for training, inactive duty training, or full-time National Guard duty, the Commissioned Corps of the Public Health Service, and any other category of persons designated by the President in time of war or emergency.

### § 353.103 Persons covered.

(a) The provisions of this part pertaining to the uniformed services cover each agency employee who enters into such service regardless of whether the employee is located in the United States or overseas. However, an employee serving under a time-limited appointment completes any unexpired portion of his or her appointment upon return from uniformed service.

(b) The provisions of this part concerning employee injury cover a civil officer or employee in any branch of the Government of the United States, including an officer or employee of an instrumentally wholly owned by the United States, who was separated or furloughed from an appointment without time limitation, or from a temporary appointment pending establishment of a register (TAPER) as a result of a compensable injury; but do not include—

(1) A commissioned officer of the Regular Corps of the Public Health Service;

(2) A commissioned officer of the Reserve Corps of the Public Health Service on active duty; or

(3) A commissioned officer of the National Oceanic and Atmospheric Administration.

[60 FR 45652, Sept. 1, 1995, as amended at 64 FR 31487, June 11, 1999]

### § 353.104 Notification of rights and obligations.

When an agency separates, grants a leave of absence, restores or fails to restore an employee because of uniformed service or compensable injury, it shall notify the employee of his or her rights, obligations, and benefits relating to Government employment, including any appeal and grievance rights. However, regardless of notification, an employee is still required to exercise due diligence in ascertaining his or her rights, and to seek reemployment within the time limits provided by chapter 43 of title 38, United States Code, for restoration after uniformed service, or as soon as he or she is able after a compensable injury.

### § 353.105 Maintenance of records.

Each agency shall identify the position vacated by an employee who is injured or leaves to enter uniformed service. It shall also maintain the necessary records to ensure that all such employees are preserved the rights and benefits granted by law and this part.

tes or overseas. However, an employee serving under a time-limited appointment completes any unexpired tion of his or her appointment upon urn from uniformed service.

) The provisions of this part conning employee injury cover a civil icer or employee in any branch of  Government of the United States, luding an officer or employee of an trumentally wholly owned by the ited States, who was separated or loughed from an appointment witht time limitation, or from a temrary appointment pending establishnt of a register (TAPER) as a result a compensable injury; but do not inade—

(1) A commissioned officer of the egular Corps of the Public Health rvice;

(2) A commissioned officer of the Rerve Corps of the Public Health Serve on active duty; or

(3) A commissioned officer of the National Oceanic and Atmospheric Administration.

0 FR 45652, Sept. 1, 1995, as amended at 64 R 31487, June 11, 1999]

### 353.104 Notification of rights and obligations.

When an agency separates, grants a eave of absence, restores or fails to retore an employee because of uniormed service or compensable injury, t shall notify the employee of his or er rights, obligations, and benefits reating to Government employment, inluding any appeal and grievance ights. However, regardless of notificaion, an employee is still required to exercise due diligence in ascertaining his or her rights, and to seek reemployment within the time limits provided by chapter 43 of title 38, United States Code, for restoration after uniformed service, or as soon as he or she is able after a compensable injury.

### § 353.105 Maintenance of records.

Each agency shall identify the position vacated by an employee who is injured or leaves to enter uniformed service. It shall also maintain the necessary records to ensure that all such employees are preserved the rights and benefits granted by law and this part.

### § 353.106 Personnel actions during employee's absence.

(a) An employee absent because of service in the uniformed services is to be carried on leave without pay unless the employee elects to use other leave or freely and knowingly provides written notice of intent not to return to a position of employment with the agency, in which case the employee can be separated. (NOTE: A separation under this provision affects only the employee's seniority while gone; it does not affect his or her restoration rights.)

(b) An employee absent because of compensable injury may be carried on leave without pay or separated unless the employee elects to use sick or annual leave.

(c) Agency promotion plans must provide a mechanism by which employees who are absent because of compensable injury or uniformed service can be considered for promotion. In addition, agencies have an obligation to consider employees absent on military duty for any incident or advantage of employment that they may have been entitled to had they not been absent. This is determined by:

(1) Considering whether the "incident or advantage" is one generally granted to all employees in that workplace and whether it was denied solely because of absence for military service;

(2) Considering whether the person absent on military duty was treated the same as if the person had remained at work; and

(3) Considering whether it was reasonably certain that the benefit would have accrued to the employee but for the absence for military service.

[60 FR 45652, Sept. 1, 1995, as amended at 64 FR 31487, June 11, 1999]

### § 353.107 Service credit upon reemployment.

Upon reemployment, an employee absent because of uniformed service or compensable injury is generally entitled to be treated as though he or she had never left. This means that a person who is reemployed following uniformed service or full recovery from compensable injury receives credit for the entire period of the absence for purposes of rights and benefits based upon seniority and length of service, including within-grade increases, career tenure, completion of probation, leave rate accrual, and severance pay.

### § 353.108 Effect of performance and conduct on restoration rights.

The laws covered by this part do not permit an agency to circumvent the protections afforded by other laws to employees who face the involuntary loss of their positions. Thus, an employee may not be denied restoration rights because of poor performance or conduct that occurred prior to the employee's departure for compensable injury or uniformed service. However, separation for cause that is substantially unrelated to the injury or to the performance of uniformed service negates restoration rights. Additionally, if during the period of injury or uniformed service the employee's conduct is such that it would disqualify him or her for employment under OPM or agency regulations, restoration rights may be denied.

### § 353.109 Transfer of function to another agency.

If the function of an employee absent because of uniformed service or compensable injury is transferred to another agency, and if the employee would have been transferred with the function under part 351 of this chapter had he or she not been absent, the employee is entitled to be placed in a position in the gaining agency that is equivalent to the one he or she left. It shall also assume the obligation to restore the employee in accordance with law and this part.

### § 353.110 OPM placement assistance.

(a) *Employee returning from uniformed service.* (1) OPM will offer placement in the executive branch to the following categories of employees upon notification by the agency and application by the employee: (Such notification should be sent to the Associate Director for Employment, OPM, 1900 E Street, NW., Washington, DC 20415.)

(i) Executive branch employees (other than an employee of an intelligence agency) when *OPM determines* that:

(A) their agencies no longer exist and the functions have not been transferred, or;

(B) it is otherwise impossible or unreasonable for their former agencies to place them;

(ii) Legislative and judicial branch employees when *their employers* determine that it is impossible or unreasonable to reemploy them;

(iii) National Guard technicians when the Adjutant General of a State determines that it is impossible or unreasonable to reemploy a technician otherwise eligible for restoration under 38 U.S.C. 4304 and 4312 (pertaining to character and length of service), and the technician is a noncareer military member who was separated invountarily from the Guard for reasons beyond his or her control; and

(iv) Employees of the intelligence agencies (defined in 5 U.S.C. 2302(a)(2)(C)(ii)) when *their agencies* determine that it is impossible or unreasonable to reemploy them.

(2) OPM will determine if a vacant position equivalent (in terms of pay, grade, and status) to the one the individual left exists, for which the individual is qualified, in the commuting area in which he or she was employed immediately before entering the uniformed services. If such a vacancy exists, OPM will order the agency to place the individual. If no such position is available, the individual may elect to be placed in a lesser position in the commuting area, or OPM will attempt to place the individual in an equivalent position in another geographic location determined by OPM. If the individual declines an offer of equivalent employment, he or she has no further restoration rights.

(b) Employee returning from compensable injury. OPM will provide placement assistance to an employee with restoration rights in the executive, legislative, or judicial branches who cannot be placed in his or her former agency and who either has competitive status or is eligible to acquire it under 5 U.S.C. 3304(C). If the employee's agency is abolished and its functions are not transferred, or it is not possible for the employee to be restored in his or her former agency, the employee is eligible for placement assistance under the Interagency Career Transition Assistance Plan (ICTAP) under part 330, subpart G, of this chapter. This paragraph does not apply to an employee serving under a temporary appointment pending establishment of a register (TAPER).

[60 FR 45652, Sept. 1, 1995, as amended at 64 FR 31487, June 11, 1999; 66 FR 29897, June 4, 2001]

## Subpart B—Uniformed Service

### § 353.201 Introduction.

The Uniformed Services Employment and Reemployment Rights Act of 1994 revised and strengthened the existing Veterans' Reemployment Rights law, made the Department of Labor responsible for investigating employee complaints, required OPM to place certain returning employees in other agencies, established a separate restoration rights program for employees of the intelligence agencies, and altered the appeals rights process. The new law applies to persons exercising restoration rights on or after December 12, 1994.

### § 353.202 Discrimination and acts of reprisal prohibited.

A person who seeks or holds a position in the Executive branch may not be denied hiring, retention in employment, or any other incident or advantage of employment because of any application, membership, or service in the uniformed services. Furthermore, an agency may not take any reprisal against an employee for taking any action to enforce a protection, assist or participate in an investigation, or exercise any right provided for under chapter 43 of title 38, United States Code.

### § 353.203 Length of service.

(a) *Counting service after the effective date of USERRA (12/12/94).* To be entitled to restoration rights under this part, cumulative service in the uniformed services while employed by the Federal Government may not exceed 5 years. However, the 5-year period does not include any service—

(1) That is required beyond 5 years to complete an initial period of obligated service;

(2) During which the individual was unable to obtain orders releasing him

278

;eragency Career Transition Assistance Plan (ICTAP) under part 330, subpart G, of this chapter. This paragraph does not apply to an employee serving under a temporary appointment pending establishment of a register (APER).

[FR 45652, Sept. 1, 1995, as amended at 64 FR 31487, June 11, 1999; 66 FR 29897, June 4, 01]

## Subpart B—Uniformed Service

### § 353.201 Introduction.

The Uniformed Services Employment and Reemployment Rights Act of 1994 revised and strengthened the existing Veterans' Reemployment Rights law, made the Department of Labor responsible for investigating employee complaints, required OPM to place certain returning employees in other agencies, established a separate restoration rights program for employees of the intelligence agencies, and altered the appeals rights process. The new law applies to persons exercising restoration rights on or after December 12, 1994.

### § 353.202 Discrimination and acts of reprisal prohibited.

A person who seeks or holds a position in the Executive branch may not be denied hiring, retention in employment, or any other incident or advantage of employment because of any application, membership, or service in the uniformed services. Furthermore, an agency may not take any reprisal against an employee for taking any action to enforce a protection, assist or participate in an investigation, or exercise any right provided for under chapter 43 of title 38, United States Code.

### § 353.203 Length of service.

(a) *Counting service after the effective date of USERRA (12/12/94)*. To be entitled to restoration rights under this part, cumulative service in the uniformed services while employed by the Federal Government may not exceed 5 years. However, the 5-year period does not include any service—

(1) That is required beyond 5 years to complete an initial period of obligated service;

(2) During which the individual was unable to obtain orders releasing him or her from service in the uniformed services before expiration of the 5-year period, and such inability was through no fault of the individual;

(3) Performed as required pursuant to 10 U.S.C. 10147, under 32 U.S.C. 502(a) or 503, or to fulfill additional training requirements determined and certified in writing by the Secretary of the military department concerned to be necessary for professional development or for completion of skill training or retraining;

(4) Performed by a member of a uniformed service who is:

(i) Ordered to or retained on active duty under sections 12301(a), 12301(g), 12302, 12304, 12305, or 688 of title 10, United States Code, or under 14 U.S.C. 331, 332, 359, 360, 367, or 712;

(ii) Ordered to or retained on active duty (other than for training) under any provision of law during a war or during a national emergency declared by the President or the Congress, as determined by the Secretary concerned.

(iii) Ordered to active duty (other than for training) in support, as determined by the Secretary of the military department concerned, of an operational mission for which personnel have been ordered to active duty under 10 U.S.C. 12304;

(iv) Ordered to active duty in support, as determined by the Secretary of the military department concerned, of a critical mission or requirement of the uniformed services, or

(v) Called into Federal service as a member of the National Guard under chapter 15 or under section 12406 of title 10, United States Code.

(b) *Counting service prior to the effective date of USERRA*. In determining the 5-year total that may not be exceeded for purposes of exercising restoration rights, service performed prior to December 12, 1994, is considered only to the extent that it would have counted under the previous law (the Veterans' Reemployment Rights statute). For example, the service of a National Guard technician who entered on an Active Guard Reserve (AGR) tour under section 502(f) of title 32, United States Code, was not counted toward the 4-year time limit under the previous statute because it was specifically considered active duty for training. However, title 32, section 502(f) AGR service is not exempt from the cumulative time limits allowed under USERRA and service after the effective date counts under USERRA rules. Thus, if a technician was on a 32 U.S.C. 502(f) AGR tour on October 13, 1994, (the date USERRA was signed into law), but exercised restoration rights after December 11, 1994, (the date USERRA became fully effective), AGR service prior to December 12 would not count in computing the 5-year total, but all service beginning with that date would count.

(c) *Nature of Reserve service and resolving conflicts*. An employee who is a member of the Reserve or National Guard has a dual obligation—to the military and to his or her employer. Given the nature of the employee's service obligation, some conflict with job demands is often unavoidable and a good-faith effort on the part of both the employee and the agency is needed to minimize conflict and resolve differences. Some accommodation may be necessary by both parties. Most Reserve component members are required, as a minimum, to participate in drills for 2 days each month and in 2 weeks of active duty for training per year. But some members are required to participate in longer or more frequent training tours. USERRA makes it clear that the timing, frequency, duration, and nature of the duty performed is not an issue so long as the employee gave proper notice, and did not exceed the time limits specified. However, to the extent that the employee has influence upon the timing, frequency, or duration of such training or duty, he or she is expected to use that influence to minimize the burden upon the agency. The employee is expected to provide the agency with as much advance notice as possible whenever military duty or training will interfere with civilian work. When a conflict arises between the Reserve duty and the legitimate needs of the employer, the agency may contact appropriate military authorities to express concern. Where the request would require the employee to be absent from work for an extended period, during times of acute need, or when, in light of previous leaves, the requested leave

is cumulatively burdensome, the agency may contact the military commander of the employee's military unit to determine if the military duty could be rescheduled or performed by another member. If the military authorities determine that the military duty cannot be rescheduled or cancelled, the agency is required to permit the employee to perform his or her military duty.

(d) *Mobilization authority.* By law, members of the Selected Reserve (a component of the Ready Reserve), can be called up under a presidential order for purposes other than training for as long as 270 days. If the President declares a national emergency, the remainder of the Ready Reserve—the Individual Ready Reserve and the Inactive National Guard—may be called up. The Ready Reserve as a whole is subject to as much as 24 consecutive months of active duty in a national emergency declared by the President.

[60 FR 45652, Sept. 1, 1995, as amended at 64 FR 31487, June 11, 1999]

### § 353.204  Notice to employer.

To be entitled to restoration rights under this part, an employee (or an appropriate officer of the uniformed service in which service is to be performed) must give the employer advance written or verbal notice of the service except that no notice is required if it is precluded by military necessity or, under all relevant circumstances, the giving of notice is otherwise impossible or unreasonable.

### § 353.205  Return to duty and application for reemployment.

Periods allowed for return to duty are based on the length of time the person was performing service in the uniformed services, as follows:

(a) An employee whose uniformed service was for *less than 31 days*, or who was absent for the purpose of an examination to determine fitness for the uniformed services, is required to report back to work not later than the beginning of the first regularly scheduled work day on the first full calendar day following completion of the period of service and the expiration of 8 hours after a period allowing for the safe transportation of the employee from the place of service to the employee's residence, or as soon as possible after the expiration of the 8-hour period if reporting within the above period is impossible or unreasonable through no fault of the employee.

(b) If the service was for *more than 30 but less than 181 days*, the employee must submit an application for reemployment with the agency not later than 14 days after completing the period of service. (If submitting the application is impossible or unreasonable through no fault of the individual, it must be submitted the next full calendar day when it becomes possible to do so.)

(c) If the period of service was for *more than 180 days*, the employee must submit an application for reemployment not later than 90 days after completing the period of service.

(d) An employee who is hospitalized or convalescing from an injury or illness incurred in, or aggravated during uniformed service is required to report for duty at the end of the period that is necessary for the person to recover, based on the length of service as discussed in paragraphs (a), (b), and (c) of this section, except that the period of recovery may not exceed 2 years (extended by the minimum time required to accommodate circumstances beyond the employee's control which make reporting within the period specified impossible or unreasonable).

(e) A person who does not report within the time limits specified does not automatically forfeit restoration rights, but, rather, is subject to whatever policy and disciplinary action the agency would normally apply for a similar absence without authorization.

### § 353.206  Documentation upon return.

Upon request, a returning employee who was absent for more than 30 days, or was hospitalized or convalescing from an injury or illness incurred in or aggravated during the performance of service in the uniformed services, must provide the agency with documentation that establishes the timeliness of the application for reemployment, and length and character of service. If documentation is unavailable, the agency must restore the employee until documentation becomes available.

Case 1:05-cv-01824-PLF    Document 5-7    Filed 03/17/2006    Page 14 of 16

idence, or as soon as possible after expiration of the 8-hour period if orting within the above period is possible or unreasonable through no ilt of the employee.

b) If the service was for *more than 30 less than 181 days*, the employee ist submit an application for reemployment with the agency not later an 14 days after completing the period of service. (If submitting the application is impossible or unreasonable rough no fault of the individual, it ist be submitted the next full calendar day when it becomes possible to so.)

(c) If the period of service was for *more than 180 days*, the employee must submit an application for reemployment not later than 90 days after completing the period of service.

(d) An employee who is hospitalized convalescing from an injury or illness incurred in, or aggravated during niformed service is required to report r duty at the end of the period that is ecessary for the person to recover, ased on the length of service as discussed in paragraphs (a), (b), and (c) of is section, except that the period of covery may not exceed 2 years (extended by the minimum time required o accommodate circumstances beyond he employee's control which make reporting within the period specified impossible or unreasonable).

(e) A person who does not report within the time limits specified does ot automatically forfeit restoration ights, but, rather, is subject to whatver policy and disciplinary action the gency would normally apply for a imilar absence without authorization.

§ 353.206  Documentation upon return.

Upon request, a returning employee who was absent for more than 30 days, or was hospitalized or convalescing from an injury or illness incurred in or aggravated during the performance of service in the uniformed services, must provide the agency with documentation that establishes the timeliness of the application for reemployment, and length and character of service. If documentation is unavailable, the agency must restore the employee until documentation becomes available.

§ 353.207  Position to which restored.

(a) *Timing.* An employee returning from the uniformed services following an absence of more than 30 days is entitled to be restored as soon as possible after making application, but in no event later than 30 days after receipt of the application by the agency.

(b) *Nondisabled.* If the employee's uniformed service was for less than 91 days, he or she must be employed in the position for which qualified that he or she would have attained if continuously employed. If not qualified for this position after reasonable efforts by the agency to qualify the employee, he or she is entitled to be placed in the position he or she left. For service of 91 days or more, the agency has the option of placing the employee in a position of like seniority, status, and pay. (NOTE: Upon reemployment, a term employee completes the unexpired portion of his or her original appointment.) If unqualified (for any reason other than disability incurred in or aggravated during service in the uniformed services) after reasonable efforts by the agency to qualify the employee for such position or the position the employee left, he or she must be restored to any other position of lesser status and pay for which qualified, with full seniority.

(c) *Disabled.* An employee with a disability incurred in or aggravated during uniformed service and who, after reasonable efforts by the agency to accommodate the disability, is entitled to be placed in another position for which qualified that will provide the employee with the same seniority, status, and pay, or the nearest approximation consistent with the circumstances in each case. The agency is not required to reemploy a disabled employee if, after making due efforts to accommodate the disability, such reemployment would impose an undue hardship on the agency.

(d) *Two or more persons entitled to restoration in the same position.* If two or more persons are entitled to restoration in the same position, the one who left the position first has the prior right to restoration in that position. The other employee(s) is entitled to be placed in a position as described in paragraphs (b) and (c) of this section.

(e) *Relationship to an entitlement based on veterans' preference.* An employee's right to restoration under this part does not entitle the person to retention, preference, or displacement rights over any person with a superior claim based on veterans' preference.

§ 353.208  Use of paid leave during uniformed service.

An employee performing service with the uniformed services must be permitted, upon request, to use any accrued annual leave (or sick leave, if appropriate), or military leave during such service. (Note, however, that under 5 U.S.C. 6323, military leave cannot be used for inactive duty, e.g., drills.)

[60 FR 45652, Sept. 1, 1995, as amended at 64 FR 31487, June 11, 1999]

§ 353.209  Retention protections.

(a) *During uniformed service.* An employee may not be demoted or separated (other than military separation) while performing duty with the uniformed services except for cause. (Reduction in force is not considered "for cause" under this subpart.) He or she is not a "competing employee" under § 351.404 of this chapter. If the employee's position is abolished during such absence, the agency must reassign the employee to another position of like status, and pay.

(b) *Upon reemployment.* Except in the case of an employee under time-limited appointment who finishes out the unexpired portion of his or her appointment upon reemployment, an employee reemployed under this subpart may not be discharged, except for cause—

(1) If the period of uniformed service was more than 180 days, within 1 year; and

(2) If the period of uniformed service was more than 30 days, but less than 181 days, within 6 months.

§ 353.210  Department of Labor assistance to applicants and employees.

USERRA requires the Department of Labor's Veterans' Employment and Training Service [VETS] to provide employment and reemployment assistance to any Federal employee or applicant who requests it. VETS staff will

attempt to resolve employment disputes brought to investigate. If dispute resolution proves unsuccessful, VETS will, at the request of the employee, refer the matter to the Office of the Special Counsel for representation before the Merit Systems Protection Board (MSPB).

[64 FR 31487, June 11, 1999]

### § 353.211　Appeal rights.

An individual who believes an agency has not complied with the provisions of law and this part relating to the employment or reemployment of the person by the agency may—

(a) File a complaint with the Department of Labor, as noted in § 353.210, or

(b) Appeal directly to MSPB if the individual chooses not to file a complaint with the Department of Labor, or is informed by either Labor or the Office of the Special Counsel that they will not pursue to the case. However, National Guard technicians do not have the right to appeal to MSPB a denial of reemployment rights by the Adjutant General. Technicians may file complaints with the appropriate district court in accordance with 38 U.S.C. 4323 (USERRA).

[60 FR 45652, Sept. 1, 1995, as amended at 64 FR 31487, June 11, 1999]

## Subpart C—Compensable Injury

### § 353.301　Restoration rights.

(a) *Fully recovered within 1 year.* An employee who fully recovers from a compensable injury within 1 year from the date eligibility for compensation began (or from the time compensable disability recurs if the recurrence begins after the employee resumes regular full-time employment with the United States), is entitled to be restored immediately and unconditionally to his or her former position or an equivalent one. Although these restoration rights are agencywide, the employee's basic entitlement is to the former position or equivalent in the local commuting area the employee left. If a suitable vacancy does not exist, the employee is entitled to displace an employee occupying a continuing position under temporary appointment or tenure group III. If there is no such position in the local commuting area, the agency must offer the employee a position (as described above) in another location. This paragraph also applies when an injured employee accepts a lower-grade position in lieu of separation and subsequently fully recovers. A fully recovered employee is expected to return to work immediately upon the cessation of compensation.

(b) *Fully recovered after 1 year.* An employee who separated because of a compensable injury and whose full recovery takes longer than 1 year from the date eligibility for compensation began (or from the time compensable disability recurs if the recurrence begins after the injured employee resumes regular full-time employment with the United States), is entitled to priority consideration, agencywide, for restoration to the position he or she left or an equivalent one provided he or she applies for reappointment within 30 days of the cessation of compensation. Priority consideration is accorded by entering the individual on the agency's reemployment priority list for the competitive service or reemployment list for the excepted service. If the individual cannot be placed in the former commuting area, he or she is entitled to priority consideration for an equivalent position elsewhere in the agency. (See parts 302 and 330 of this chapter for more information on how this may be accomplished for the excepted and competitive services, respectively.) This subpart also applies when an injured employee accepts a lower-graded position in lieu of separation and subsequently fully recovers.

(c) *Physically disqualified.* An individual who is physically disqualified for the former position or equivalent because of a compensable injury, is entitled to be placed in another position for which qualified that will provide the employee with the same status, and pay, or the nearest approximation thereof, consistent with the circumstances in each case. This right is agencywide and applies for a period of 1 year from the date eligibility for compensation begins. After 1 year, the individual is entitled to the rights accorded individuals who fully or partially recover, as applicable.

no such position in the local commuting area, the agency must offer the employee a position (as described above) in another location. This paragraph also applies when an injured employee accepts a lower-grade position in lieu of separation and subsequently fully recovers. A fully recovered employee is expected to return to work immediately upon the cessation of compensation.

(b) *Fully recovered after 1 year.* An employee who separated because of a compensable injury and whose full recovery takes longer than 1 year from the date eligibility for compensation began (or from the time compensable disability recurs if the recurrence begins after the injured employee resumes regular full-time employment with the United States), is entitled to priority consideration, agencywide, for restoration to the position he or she left or an equivalent one provided he or she applies for reappointment within 30 days of the cessation of compensation. Priority consideration is accorded by entering the individual on the agency's reemployment priority list for the competitive service or reemployment list for the excepted service. If the individual cannot be placed in the former commuting area, he or she is entitled to priority consideration for an equivalent position elsewhere in the agency. (See parts 302 and 330 of this chapter for more information on how this may be accomplished for the excepted and competitive services, respectively.) This subpart also applies when an injured employee accepts a lower-graded position in lieu of separation and subsequently fully recovers.

(c) *Physically disqualified.* An individual who is physically disqualified for the former position or equivalent because of a compensable injury, is entitled to be placed in another position for which qualified that will provide the employee with the same status, and pay, or the nearest approximation thereof, consistent with the circumstances in each case. This right is agencywide and applies for a period of 1 year from the date eligibility for compensation begins. After 1 year, the individual is entitled to the rights accorded individuals who fully or partially recover, as applicable.

(d) *Partially recovered.* Agencies must make every effort to restore in the local commuting area, according to the circumstances in each case, an individual who has partially recovered from a compensable injury and who is able to return to limited duty. At a minimum, this would mean treating these employees substantially the same as other handicapped individuals under the Rehabilitation Act of 1973, as amended. (See 29 U.S.C. 791(b) and 794.) If the individual fully recovers, he or she is entitled to be considered for the position held at the time of injury, or an equivalent one. A partially recovered employee is expected to seek reemployment as soon as he or she is able.

§ 353.302   Retention protections.

An injured employee enjoys no special protection in a reduction in force. Separation by reduction in force or for cause while on compensation means the individual has no restoration rights.

§ 353.303   Restoration rights of TAPER employees.

An employee serving in the competitive service under a temporary appointment pending establishment of a register (TAPER) under § 316.201 of this chapter (other than an employee serving in a position classified above GS–15), is entitled to be restored to the position he or she left or an equivalent one in the same commuting area.

§ 353.304   Appeals to the Merit Systems Protection Board.

(a) Except as provided in paragraphs (b) and (c) of this section, an injured employee or former employee of an agency in the executive branch (including the U.S. Postal Service and the Postal Rate Commission) may appeal to the MSPB an agency's failure to restore, improper restoration, or failure to return an employee following a leave of absence. All appeals must be submitted in accordance with MSPB's regulations.

(b) An individual who fully recovers from a compensable injury more than 1 year after compensation begins may appeal to MSPB as provided for in parts 302 and 330 of this chapter for excepted and competitive service employees, respectively.

(c) An individual who is partially recovered from a compensable injury may appeal to MSPB for a determination of whether the agency is acting arbitrarily and capriciously in denying restoration. Upon reemployment, a partially recovered employee may also appeal the agency's failure to credit time spent on compensation for purposes of rights and benefits based upon length of service.

## PART 359—REMOVAL FROM THE SENIOR EXECUTIVE SERVICE; GUARANTEED PLACEMENT IN OTHER PERSONNEL SYSTEMS

### Subpart A [Reserved]

### Subpart B—General Provisions

Sec.
359.201   Regulatory requirements.
359.202   Definitions.

### Subpart C [Reserved]

### Subpart D—Removal of Career Appointees During Probation

359.401   General exclusions.
359.402   Removal: Unacceptable performance.
359.403   Removal: Conduct.
359.404   Removal: Conditions arising before appointment.
359.405   Removal: Reduction in force.
359.406   Restrictions.
359.407   Appeals.

### Subpart E—Removal of Career Appointees for Less Than Fully Successful Executive Performance

359.501   General.
359.502   Procedures.
359.503   Restrictions.
359.504   Appeals.

### Subpart F—Removal of Career Appointees as a Result of Reduction in Force

359.601   General.
359.602   Agency reductions in force.
359.603   OPM priority placement.
359.604   Removal from the SES and placement rights outside the SES.
359.605   Notice requirements.
359.606   Appeals.
359.607   Records.
359.608   Transfer of function.