# EXHIBIT 14

 **UNITED STATES POSTAL SERVICE®**

## EEO Complaint of Discrimination in the Postal Service
*(See Instructions and Privacy Act Statement on Reverse)*

**1. Name:** JAN AUSTIN
**2. SSN:** 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
**3. Case No.:** 4K-200-0045-03
**4a. Mailing Address (Street or P.O. Box):** 5036 11th St. NE
**4b. City, State and ZIP + 4:** Washington, D.C. 20017
**5. Email Address:** N/A
**6. Home Phone:** (202)526-7222
**7. Work Phone:** (202)523-2151
**8. Position Title (USPS Employees Only):** Window Clerk/Passport Clerk
**9. Grade Level (USPS Employees Only):** 5/0
**10. Do You Have Veteran's Preference Eligibility?** ☐ Yes  ☒ No
**11. Installation Where You Believe Discrimination Occurred:** Friendship Station Finance Section/Unit, Washington, D.C. 20016
**12. Name & Title of Person(s) Who Took the Action(s) You Allege Was Discriminatory:** Elizabeth Hammond, Acting Station Manager, Friendship Station; Juanita Mack, Acting Station Finance Supervisor, Friendship Station
**13a. Name of Your Designated Representative:** Antoini M. Jones
**13b. Title:** Attorney
**13c. Mailing Address:** 6811 Kenilworth Ave Suite 2D
**13d. City, State and ZIP + 4:** Riverdale, Maryland 20737
**13e. Email Address:**
**13f. Home Phone:** ( )
**13g. Work Phone:** (301) 277-0770

**14. Type of Discrimination You Are Alleging:**
☒ Race (Specify):
☐ Color (Specify):
☐ Religion (Specify):
☐ National Origin (Specify):
☒ Sex (Specify):
☒ Age (40+) (Specify):
☐ Retaliation (Specify Prior EEO Activity):
☒ Disability (Specify):

**15. Date on Which Alleged Act(s) of Discrimination Took Place:** August 24, 2002 thru October 5, 2002 to present.

**16. Explain the specific action(s) or situation(s)...**
See attachment

**17. What Remedy Are You Seeking to Resolve this Complaint?**
① Reinstatement (As Permanent/Full-time Passport Clerk)
② Leave
③ Attorney Fees
④ Restitution
⑤ Pain and Suffering
⑥ Compensation Damages

**18. Did You Discuss Your Complaint with a Dispute Resolution Specialist or a REDRESS Mediator?** NO
☐ Yes (Date you received the Notice of Final Interview): April 4, 2003 via mail  ☐ No

**Formal Complaint Page 1 of 6**

**19a. Signature of Dispute Resolution Specialist:** (C. L. PLEASANT)
**19b. Date:** 4/3/03
**20. Signature of Complainant or Complainant's Attorney:**
**21. Date of this Complaint:** 4/15/03

PS Form **2565**, March 2001 · Page 1 of 2



## Privacy Act Notice

The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967 as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO Program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

## Instructions

A. Use this form to file a formal complaint if you are an employee or applicant who believes that you have been discriminated against by the Postal Service because of your race, color, religion, sex, age (40+), national origin, or disability. You must have presented the matter to an EEO dispute resolution specialist within 45 calendar days of the date the incident occurred or, if a personnel action is involved, within 45 calendar days of the effective date of the action.

B. Unless you have agreed to extend the 30-day period for an additional 60 calendar days, you will receive a notice of right to file a formal complaint within 30 calendar days from the date of your first contact with the EEO Office. You must file your formal complaint within 15 calendar days of the date on which you receive your notice of right to file. If you do not receive a notice of right to file within the appropriate time period, you may file a formal complaint at any time thereafter, up to 15 calendar days after receiving the notice.

C. If you have agreed to participate in alternate dispute resolution (ADR), the informal process must be completed within 90 calendar days of your first contact with the EEO office. You have a right to file a formal complaint at any time thereafter, up to 15 calendar days after you have received your notice of right to file.

D. Your notice of right to file contains the address where your formal complaint must be mailed or delivered. The formal complaint will be deemed timely if it is received or postmarked before the expiration of the 15-day filing period, or, in the absence of a legible postmark, if it is received by mail within 5 days of the expiration of the filing period.

E. The time limits for filing a formal complaint may be extended if you show that you were prevented by circumstances beyond your control from timely submitting the complaint, or if you present other reasons considered sufficient by the Postal Service.

F. If you need help in preparing this form, you may obtain assistance from a representative of your choice. You may also seek guidance from the dispute resloution specialist who issued you the notice of right to file.

G. Your formal complaint must be in writing and must be signed and dated by you or your attorney. You are entitled to a representative of your choice at all stages of the EEO complaint process; however, only an attorney can sign official EEO documents on your behalf.

H. If your written complaint is accepted, it will be assigned to an EEO complaints investigator who will provide you with an opportunity to present all facts that you believe resulted in the alleged discrimination. The EEO complaints investigator will conduct a thorough review of the circumstances under which the alleged discrimination occurred.

I. While your complaint is under investigation, you may amend it to add claims that are like or related. Contact the EEO office for the address where your written amendment request must be mailed or delivered.

J. You or your representative will each be provided a copy of the completed investigative file. You have the right to request a hearing within 30 calendar days of of the date you receive the investigative file by mailing or delivering your request to the appropriate Equal Employment Opportunity Commission (EEOC) District Office with a copy to the area Manager, EEO Compliance & Appeals. If you are represented by an attorney, the 30-day period will begin on the date your attorney receives a copy of the case file. Instead of requesting a hearing, you may request an agency decision without a hearing and the head of the agency or his/her designee will issue you a decision letter with appeal rights.

K. If you request a hearing, the EEOC will appoint an administrative judge (AJ) to conduct a hearing. The AJ will notify you and the Postal Service of the right to seek discovery prior to the hearing to develop evidence reasonably on matters relevant to the issues raised in the complaint(s) to be heard. Attendance at the hearing will be limited to persons the administrative judge determines have direct knowledge relating to the complaint. Hearings are part of the investigative process and are closed to the public.

L. Following the hearing, the AJ will send you and the agency a copy of the hearing record, including the transcript and his/her decision. The head of the agency, or his/her designee, will review the entire record, including the transcript, and will determine whether or not to implement the AJ's decision. You will receive the agency's notification of final action within 40 days of the date the agency receives the AJ's decision. If the agency's final action will not fully implement the AJ's decision, the agency must appeal to the EEOC. A copy of the Postal Service's appeal will be attached to your notification of final action.

M. If you are not satisfied with the decision of the AJ, or the agency's final action on the decision, you have the right to appeal within 30 calendar days after receiving notification of the agency's final action. Your appeal must be mailed to the EEOC at the following address:

    EEOC  
    OFFICE OF FEDERAL OPERATIONS  
    PO BOX 19848  
    WASHINGTON DC 20036-9848

N. Instead of filing an appeal of the agency's final action to the EEOC's Office of Federal Operations (OFO), you may file a civil action in an appropriate U.S. District Court within 90 calendar days of your receipt of the agency's final action.

O. You may also file a civil action in an appropriate U.S. district court: after 180 calendar days have passed from the date you filed the complaint, if the final agency action has not been issued and an appeal has not been filed; within 90 days of receipt of the OFO's decision on your appeal; or after 180 days have passed from the date you filed your appeal with the OFO, if there has been no decision issued on that appeal.

P. Special statutory provisions in the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a, relate to age discrimination. The Public Law sets forth the right to by-pass the administrative complaint processing procedure and file a civil action. For additional information, contact the EEO office.

Q. Under the Equal Pay Act, you have the right to file a civil action without exhausting the administrative procedures.

R. You must keep the EEO complaint processing office aware of your current mailing address at all times. Failure to notify the EEO complaint processing office and the EEOC of an address change could result in the dismissal of your complaint.

#16. **EXPLAIN THE SPECIFIC ACTION(S) OR SITUATION(S)**

On Saturday, August 24, 2002,

I began performing an additional duty working in the U.S. Postal Store that was not in line with my limited medical restrictions duty. I am a limited duty employee because of an on the job back injury I received while on duty in November 1996. In accordance with my on the job injury, the Department of Labor Form CA-17 Duty Status Report states, to safely and effectively perform this duty my medical restrictions require that I have a chair with back support and that my feet must not dangle, no prolong standing for no more than 30 minutes without a break totaling not more than one hour per day, and with other restriction (see attached). Ms. Juanita Mack, Acting Finance Supervisor, was aware of these restrictions prior to giving me this assignment. After working for approximately four Saturdays I was told on October 5, 2002 that I could not sit while assisting customers. Prior to this I was sitting with a pillow to my back and a drawer as a footrest, so as to be accommodated and to perform the duty and remain gainfully employed without violating my restrictions. Due to the lack of not having the proper chair and foot support this aggravated my back injury, causing me greater pain and having to go to the doctor and be off from work. On October 5, 2002 I was told by Ms. Elizabeth (Betty) Hammond, Caucasian Acting Station Manager, in the presence of Ms. Mack that I could not sit while serving customers. Ms. Hammond then told me that we no longer have any work for you and demanded that I leave the premises immediately or she would call the police. She further stated that I was not to return on Monday, October 7, 2002 to my regularly assignment duties of passport processing which I have been performing since detailed on December 16, 1996. These duties are in compliance with my restrictions. Ms. Hammond has made derogatory statements to me as well as to others regarding injured employees on several occasions. I have been mistreated and discriminated against by Ms. Hammond and Ms. Juanita Mack. Because of my on the job injury, I am unable to perform the duties that they would like me to in the manner that they want.

Formal Complaint
Page 3 of 6




#16. CONTINUATION

COMPARISONS

1. Alice Thompson, Female/Full Time/T6 Window Clerk/No physical or mental disability, was treated differently than I when on September 25, 2002, there was a situation of closing out finance. I was asked by Ms. Mack to close out finance, then was told by her not to because Ms. Hammond want Ms. Thompson to, since Ms. Thompson was on the overtime desire list. Prior to this date I have closed out finance by myself numerous occasions. Although my closing out would have been within my eight (8) hour duty tour, Ms. Hammond chose Ms. Thompson to do close which placed her into penalty overtime because she had already worked 2 hours overtime prior to reporting for her scheduled time of duty.

2. Kelvin Adams, Male/Full Time/No physical or mental disability/Not 40 years of age, was treated differently than I when on October 1, 2002, I voluntary asked Ms. Mack if I could assist with the finance close out since the window service where Mr. Adams was working was extremely busy. This is for the good of the window service Mr. Adams could remain on the window and I would do the close out so the dispatch could be ready on time. Ms. Mack answered that Ms. Hammond said no, she does not want you to close out with no reason given. Later Ms. Mack began to close out with Mr. Adams completing it. This put Mr. Adams in overtime, which if I would have closed out finance the closeout it would have been within my eight hour tour and would not have made the dispatch delayed.

3. Linda Wright-Warrick, Female/Distribution/Window Clerk/No physical or mental disability, was treated differently than I when I was consistently temporarily detailed told to lobby direct. Ms. Wright-Warrick was required to process passport applications on my scheduled days off or in my absence. During my absence she was only required to do passport applications and was not required to do lobby direct. Although we performed the same duties processing passport applications.

Formal Complaint
Page 4 of 6

#16. CONTINUATION

4. Reginald Jones, Male/Full Time/Window Clerk/No physical or mental disability, was treated differently than I when on/ about June 2002 - September 2002 his basic duties was to assist in the Lobby Direct and Box Section. On many occasions I was told by management to go assist in Lobby Direct while Mr. Jones already was performing in that capacity. I would comply only to find that I was clearly not needed. Often after assisting in the lobby I immediately was sent back to the lobby which violated by restrictions for standing, walking to find, again, that I was not needed there. While during passport applications or other clerical duties such as certified, second-notices, etc., I was told to go Lobby Direct. Clearly consistent harassment. In addition to doing passport applications I was already assisting in the lobby between customers by doing money orders and selling stamps.



**UNITED STATES POSTAL SERVICE®**

# Notice of Right to File Individual Complaint

TO: Name (First, MI, Last)   Re: Case No.

JAN AUSTIN   4K-200-0045-03

This notice will attest to the fact that on _via mail_ I advised you of the actions taken concerning the alleged discrimination that you brought to my attention. If the matters that you raised during the pre-complaint processing stage have not been resolved, you have the right to file a formal complaint within 15 calendar days of the date you received this notice. If you decide to file a formal complaint, your complaint must be put in writing and signed by you or your attorney, if you retained one, on PS Form 2565 and providing you with PS Form 2565, EEO Complaint of Discrimination in the Postal Service, for this purpose. Your complaint must be delivered to:

OFFICE OF EEO COMPLIANCE & APPEALS
CAPITAL METRO OPERATIONS
P O BOX 1730
ASHBURN VA 20146-1730

[stamp: EEO COMPLIANCE AND APPEALS U.S. POSTAL SERVICE APR 21 ... PROCESSING CENTER CAPITAL METRO OPERATIONS]

Your complaint will be deemed timely filed if it is received at this address before the expiration of the 15-day filing period, or if it bears a postmark that is dated before the expiration of the filing period. In the absence of a legible postmark, it must be received by mail within 5 calendar days of the expiration of the filing period.

An EEO discrimination complaint can be processed only if the complainant alleges he or she has been discriminated against on the basis of race, color, religion, sex, age (40+), national origin, disability or retaliation for past EEO activity. In addition, courts have ruled the complainant has the burden of presenting evidence which would give rise to an inference of discrimination. A complaint must contain the following information:

(1) Your name, address, position, and level;

- If you change your address, you have a regulatory requirement to immediately report the change to the Manager, EEO Compliance and Appeals, in your area. *(If you are employed at Postal Service Headquarters, a Headquarters Field Unit or by the Postal Inspection Service, you should notify the EEO Appeals Review Specialist at Postal Service Headquarters.)*

(2) The specific action or matter complained of, the date of occurrence, and the names of the official(s) who took the alleged discriminatory action at issue in this complaint;

(3) The specific type of discrimination alleged, e.g., race - African American, sex - female, etc.;

- If you allege disability discrimination, the alleged disability must be more than a temporary condition.
- If you allege age discrimination, you must have been at least 40 years of age on the date the alleged discriminatory action occurred.

(4) A brief statement of the facts that led you to believe you were discriminated against and the names of similarly situated individuals whom you believe were treated differently than you.

- If you allege a failure to accommodate a disability or your religion, you must explain the accommodation sought and why you sought it.
- If you allege retaliation, you must show a connection between the action at issue in the complaint you are filing and your past EEO activity. You must also show that when the alleged discriminatory action at issue in this complaint occurred, the management who took the action was aware that you had previously engaged in protected activity.

(5) The name of the EEO Dispute Resolution Specialist who provided you with this notice and the date you received this Notice of Right to File.

### Privacy Act Notice

**Privacy Act Notice.** The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations,

contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

| Signature of Dispute Resolution Specialist | Date Issued | Your Signature | Date Received |
|---|---|---|---|
| [signature] | 4/3/03 | [signature] | 4/16/03 |

Dispute Resolution Specialist: *If you are mailing this Notice, you must send it by Certified Mail, Return Receipt Requested.*

PS Form **2579-A**, March 2001

Formal Complaint Page 6 of 6