UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

|  |  |  |
|---|---|---|
| JAN L. AUSTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1824 (PLF) |
| | ) | |
| PATRICK R. DONAHOE, | ) | |
| Postmaster General, | ) | |
| United States Postal Service,[1] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

---

MEMORANDUM OPINION AND ORDER

Plaintiff Jan L. Austin has filed a motion seeking relief from the Court's Order dismissing her complaint for want of prosecution. Ms. Austin contends that her failure to prosecute the action was due to her previous counsel's misrepresentations to her about the status of the case, and that, as a result, she only learned of its dismissal five years after the fact, when she made inquiries to the Clerk of the Court. She seeks vacatur of the Court's Order and reinstatement of her complaint. The defendant opposes Ms. Austin's motion, arguing that her delay in moving for relief was excessive and unjustified. Upon consideration of the parties' papers, the relevant legal authorities, and the entire record in this case, the Court will deny Ms. Austin's motion for relief.[2]

---

[1]     Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes as defendant the current Postmaster General, Patrick R. Donahoe, for former Postmaster General John E. Potter.

[2]     The papers considered in connection with the pending motion include: plaintiff's complaint ("Compl.") [Dkt. No. 1]; defendant's answer ("Def.'s Answer") [Dkt. No. 2];

I. BACKGROUND

On September 14, 2005, plaintiff Jan Austin filed a complaint against defendant John E. Potter, then-Postmaster General ("the Postal Service"), alleging discrimination in connection with her physical disability from an on-the-job back injury. See generally Compl. The Postal Service answered the complaint on January 23, 2006, see Def.'s Answer, and the Court set a schedule for the filing and briefing of dispositive motions. In accordance with this schedule, the Postal Service filed a motion to dismiss or for summary judgment on March 17, 2006. See Def.'s Mot. Ms. Austin failed to timely respond to the motion, and the Court ordered her to show cause why the Postal Service's motion should not be deemed conceded. See May 3, 2006 Order. Ms. Austin filed no response to the Court's Order, and so on June 1, 2006, the Court granted the Postal Service's motion and dismissed Ms. Austin's complaint. See June 1, 2006 Order.

Nearly eight years later, on March 26, 2014, Ms. Austin — represented by new counsel — filed a motion for relief from the Court's Order. See Pl.'s Mot. In her motion and accompanying affidavit, Ms. Austin states that she did not know that her case had been dismissed until September 5, 2011, because her former attorney misled her into believing that the case was progressing. See Pl.'s Mot. at 3; Pl.'s Aff. at 1. Ms. Austin attributes the further delay — between 2011, when she learned of the dismissal of the case, to 2014, when she filed her motion for relief — to her own illness, her mother's illness, her father's death, and a fire in her parents' home. Pl.'s Mot. at 3-4; Pl.'s Aff. at 1. She maintains that relief is warranted under

---

defendant's motion to dismiss or for summary judgment ("Def.'s Mot.") [Dkt. No. 5]; the Court's show cause Order ("May 3, 2006 Order") [Dkt. No. 6]; the Court's Order granting defendant's motion to dismiss ("June 1, 2006 Order") [Dkt. No. 7]; plaintiff's motion for relief from judgment ("Pl.'s Mot.") [Dkt. No. 8]; affidavit of Jan Austin ("Pl.'s Aff.") [Dkt. No. 8-1]; plaintiff's various exhibits [Dkt. Nos. 8-2 and 8-3]; and defendant's response in opposition to plaintiff's motion for relief from judgment ("Def.'s Opp.") [Dkt. No. 14].

Rule 60(b)(6) of the Federal Rules of Civil Procedure, which provides that, "[o]n motion and just

terms, the court may relieve a party or its legal representative from a final judgment [or] order

. . . [for] any . . . reason that justifies relief."  FED. R. CIV. P. 60(b)(6).  The Postal Service

opposes the motion and argues that, notwithstanding this unfortunate series of events, Ms.

Austin's claim for relief is time-barred.  Def.'s Opp. at 1, 6-8.  Ms. Austin has not replied to the

Postal Service's opposition memorandum.

## II.  LEGAL STANDARD

Rule 60(b) of the Federal Rules of Civil Procedure provides various grounds on

which a court may grant relief from a final judgment or order.  See FED. R. CIV. P. 60(b).  While

clauses (1) through (5) enumerate several specific grounds for relief, Rule 60(b)(6) serves as a

"catch-all" provision, allowing for relief based on "any other reason that justifies relief."  See

FED. R. CIV. P. 60(b)(6).  But "[r]elief under Rule 60(b)(6) is not available 'unless the other

clauses, (1) through (5), are inapplicable.'"  Pigford v. Veneman, 307 F. Supp. 2d 43, 48

(D.D.C. 2004) (quoting Goland v. CIA, 607 F.2d 339, 372-73 (D.C. Cir. 1978)); see also

Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 (1988) (relief under Rule

(60)(b)(6) may be available "provided that the motion . . . is not premised on one of the grounds

for relief enumerated in clauses (b)(1) through (b)(5)").  The Supreme Court has "required a

movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances justifying the

reopening of a final judgment.'"  Salazar ex rel. Salazar v. Dist. of Columbia, 633 F.3d 1110,

1116 (D.C. Cir. 2011) (quoting Gonzalez v. Crosby, 545 U.S. 524, 534 (2005)) (internal

quotation marks omitted); see also O'Hara v. LaHood, 756 F. Supp. 2d 75, 78 (D.D.C. 2010)

("Rule 60(b)(6) 'should be only sparingly used,' and then 'only in extraordinary

circumstances.'") (quoting Kramer v. Gates, 481 F.3d 788, 791 (D.C. Cir. 2007)).

A motion brought under any clause of Rule 60(b) "must be made within a reasonable time," which, "for reasons (1), (2), and (3) [means] no more than a year after the entry of the judgment or order." FED. R. CIV. P. 60(c)(1). Furthermore, the provisions of Rule 60(b) "are 'mutually exclusive' to the extent that subsection (6) cannot be used to avoid the one-year limitation" in the first three subsections. Salazar ex rel. Salazar v. Dist. of Columbia, 633 F.3d at 1116 (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993)).

### III.  DISCUSSION

The Postal Service maintains that because Ms. Austin attributes the dismissal of her case and her subsequent delay in moving for relief to attorney neglect, personal illness, and family crises, her motion truly is premised on the grounds of "surprise" and "excusable neglect" provided in Rule 60(b)(1). See Def.'s Opp. at 5. A motion brought under Rule 60(b)(1) must be filed within one year of the final judgment or order at issue. FED. R. CIV. P. 60(c)(1). The Postal Service contends that Ms. Austin's motion is styled as falling under Rule 60(b)(6) as a means of avoiding this stricture, given that she has filed her motion nearly eight years after the Court issued its Order dismissing her complaint. See Def.'s Opp. at 1, 5. Accordingly, the Postal Service says that Ms. Austin's motion comes seven years too late.

The D.C. Circuit has held, however, that "there [may be] 'extraordinary circumstances' warranting Rule 60(b)(6) relief where an attorney was 'grossly negligent'" in his pursuit of a client's case. Salazar ex rel. Salazar v. Dist. of Columbia, 633 F.3d at 1121 (quoting L.P. Steuart, Inc. v. Matthews, 329 F.2d 234, 235-36 (D.C. Cir. 1964)). The Third, Sixth, and Ninth Circuits agree. See id. (citing cases); see also 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FED. PRAC. & PROC. CIV. § 2864, at 516-19 (3d ed. 2012) ("[W]hen

there is gross neglect by counsel and an absence of neglect by the party, some courts have refused to impute the attorney's negligence to the party and have granted relief under Rule 60(b)(6), finding that the conduct involved presented extraordinary circumstances.").[3]

Ms. Austin alleges that her former counsel, Antoini Jones, consistently lied to her over a period of five years following the dismissal of her case, never informing her that he had failed to respond to the Postal Service's motion and instead telling her that the case was still proceeding.  See Pl.'s Mot. at 3; Pl.'s Aff. at 1.  Ms. Austin states that it was not until September 5, 2011, upon contacting the Clerk of the Court, that she learned of the dismissal of her case. See Pl.'s Mot. at 3; Pl.'s Aff. at 1.  After learning of her counsel's failure to prosecute her case and his dishonesty about the matter, Ms. Austin complained about Mr. Jones' conduct to the Attorney Grievance Commission of the Maryland Bar.  See Dkt. No. 8-3 at ECF pages 9, 12 (letters from Maryland Bar authorities to Antoini Jones and to Ms. Austin, referencing Ms. Austin's submission of a complaint).  Based on these allegations, the Court finds that Ms. Austin has demonstrated the existence of "extraordinary circumstances" meriting the applicability of Rule 60(b)(6).  In particular, Ms. Austin asserts that Mr. Jones not only was negligent in failing to oppose the Postal Service's motion, resulting in the dismissal of her case, but that he consistently misled her into believing that her case was progressing when, in fact, it had long since been removed from the Court's docket.  See Lal v. California, 610 F.3d 518, 524-27 (9th Cir. 2010) (extraordinary circumstances present where attorney's gross negligence led to dismissal for failure to prosecute, and attorney deliberately misled client about status of case).

---

[3]     The application of Rule 60(b)(6) in this manner operates as an exception to the rule that "[c]lients generally are presumed to be accountable for and bound by their attorneys' conduct."  Robinson-Smith v. Gov't Employees Ins. Co., 424 F. Supp. 2d 117, 120 (D.D.C. 2006) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962)).

But even though Ms. Austin has made a showing of "extraordinary circumstances" warranting consideration of her claim under Rule 60(b)(6), the Court nonetheless concludes that her motion was not filed within a "reasonable time," as required by Rule 60(c)(1). Although "there is no established standard for assessing whether a motion was filed within a 'reasonable time' in this Circuit, there are a number of factors that the court can consider in making such a determination, including the reason for the delay and whether the non-movant will be prejudiced by granting the motion." More v. Lew, Civ. Action No. 99-3373 (EGS), 2014 WL 1273411, at *4 (D.D.C. Mar. 31, 2014) (citing Salazar ex rel. Salazar v. Dist. of Columbia, 633 F.3d at 1118 & n.5). Ms. Austin cites two categories of reasons to explain the nearly eight-year delay between the Court's dismissal of her case and her filing of the present motion for relief. First, between 2006 and 2011, Ms. Austin contends that she persistently contacted her lawyer, Mr. Jones, to ask about the status of her case, but during this time Mr. Jones failed to inform her that her complaint already had been dismissed due to his own negligence, and, moreover, misrepresented to her that the case was moving along. See Pl.'s Mot. at 3; Pl.'s Aff. at 1. Second, Ms. Austin attributes to various personal and family crises the nearly three-year delay between her learning the truth about her case in September 2011 to her filing the present motion in March 2014. See Pl.'s Mot. at 3-4; Pl.'s Aff. at 1.

The Court assumes without deciding that the initial five-year delay between the 2006 dismissal of Ms. Austin's complaint and the 2011 revelation to her of this dismissal was reasonable, in light of her attorney's apparent gross negligence and dishonesty associated with his handling of the matter. See Salazar ex rel. Salazar v. Dist. of Columbia, 633 F.3d at 1121; L.P. Steuart, Inc. v. Matthews, 329 F.2d at 235-36. Even so, the additional three-year delay preceding Ms. Austin's filing of the present motion for relief renders the motion untimely. See

FED. R. CIV. P. 60(c)(1).  Ms. Austin cites four personal issues that, she contends, justify her delay in filing this motion.  She states that she was forced to cope with three crises involving her parents, namely her father's death, her mother's "grave[]" illness, and a fire that burned her parents' home.  See Pl.'s Mot. at 3-4; Pl.'s Aff. at 1.  The Court is not unsympathetic to Ms. Austin's enduring these difficulties, but they do not excuse her failure to promptly move for relief upon her learning of the dismissal of her complaint.  The fourth issue that Ms. Austin cites as an impediment to her timely action is her own illness, which required surgery and a lengthy period of convalescence.  See Pl.'s Mot. at 3; Pl.'s Aff. at 1.  But Ms. Austin does not contend that this illness rendered her incapacitated for the duration of the three-year interval between September 2011 and March 2014.  Cf. Davis v. Vilsack, 880 F. Supp. 2d 156, 161-63 (D.D.C. 2012) (declining to equitably toll statute of limitations on grounds of mental illness where plaintiff did not claim total incapacity).

Moreover, Ms. Austin's claim that she filed her motion for relief as soon as possible under the circumstances is belied by the very documents that she has submitted in support of the motion.  In particular, Ms. Austin includes two letters from Maryland Bar authorities that demonstrate her active correspondence with the Attorney Grievance Commission during the first half of 2012.  Ms. Austin also has proffered a letter — dated December 16, 2011— that she wrote to Mr. Jones, her former counsel, in which she expresses her dismay at Jones' deception regarding her case.  See Dkt. No. 8-3 at ECF pages 10-11.  If Ms. Austin was able to carry on this correspondence during the months following September 2011, then she certainly would have been able to file a motion for relief from this Court's Order during the same time period.  And she should have done so promptly upon discovery of the dismissal of her case — even if, at that time, she might have had to do so without the aid of counsel.  Her well-written,

well-reasoned letter to Mr. Jones during this period certainly suggests that she had the capacity to do so.  While it is possible that Ms. Austin thought that she should first seek recourse from her attorney and from the Maryland Bar authorities before moving for relief from this Court, see Pl.'s Aff. at 1, this belief was mistaken.  She was obliged to file her Rule 60(b) motion as soon as possible after September 2011, and the record demonstrates that she failed to do so.

The requirement that a motion brought under Rule 60(b) be filed within a "reasonable time" embodies a "concern with finality," which safeguards litigants' "reli[ance] on the repose inherent in the end of litigation." Salazar ex rel. Salazar v. Dist. of Columbia, 633 F.3d at 1116.  Here, even setting aside the initial five-year delay that Ms. Austin attributes to her counsel's deception, she has failed to justify the additional delay of nearly three years that elapsed before she sought relief from this Court.  Her circumstances therefore stand in marked contrast to cases where courts have granted Rule 60(b)(6) motions based on attorney misconduct, where the party seeking relief from judgment did so swiftly upon learning of the dismissal of its case.  See, e.g., Norris v. Salazar, 277 F.R.D. 22, 24, 26-28 (D.D.C. 2011) (relief under Rule 60(b)(6) granted where plaintiff's case was dismissed due to counsel's neglect, and where plaintiff filed motion for relief three months after learning of dismissal); see also More v. Lew, 2014 WL 1273411, at *4 ("A delay of several years, like that in this case, has only been found reasonable when plaintiff bore no fault for the delay and filed a motion as soon as feasible.") (citing Klapprott v. United States, 335 U.S. 601, 615 (1949)).  Because Ms. Austin's motion was not brought within a "reasonable time" after she learned of the dismissal of her case, the Court concludes that it cannot afford her any relief from its Order.

IV.  CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that the plaintiff's motion for relief [Dkt. No. 8] from the Court's

Order dismissing her complaint is DENIED.

SO ORDERED.


/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  December 2, 2014